# EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD *v.* GRAYSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ALABAMA.

Submitted November 8, 1886. — Decided November 29, 1886.

A, a citizen of Alabama, filed a bill in equity in a court of Alabama against the Memphis and Charleston Railroad, a Corporation of Tennessee, Alabama and Mississippi, and the East Tennessee, Virginia and Georgia

Railroad, a Corporation of Tennessee and of Georgia. The bill alleged that complainant was a stockholder in the Memphis and Charleston Company, that a lease of the road of that company had been made to the other company for a term of years not yet expired, that the lease was not within the corporate power of either company, and that an arrangement had been made between the two companies, and was about to be carried into effect, for the surrender and cancellation of the lease on the payment by the lessor of a large sum of money to the lessee, which was to be raised by the sale of a large amount of new stock at a very low rate; and it prayed for an injunction to restrain the lessee from operating the road, and the lessor from paying the sum of money or any sum for the cancellation, and from issuing the new stock. On the petition of the lessee the suit was removed to the Circuit Court of the United States on the ground that the lessee was a citizen of Tennessee, and the complainant a citizen of Alabama, and that there was a controversy wholly between citizens of different States, which could be fully determined between them. The Circuit Court, on motion, remanded the cause. This court, on appeal, affirms that judgment.

This was an appeal from the judgment of a Circuit Court, remanding a cause which had been removed from a State Court. This case is stated in the opinion of the court.

Mr. *William M. Baxter* for appellant.

Mr. *Henry E. Davis*, Mr. *F. P. Ward*, and Mr. *R. W. Walker* for appellee.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal from an order remanding a suit in equity which had been removed from the chancery court of the eastern division of the State of Alabama. The bill was filed by John W. Grayson, a citizen of Alabama, and a stockholder of the Memphis and Charleston Railroad Company, "in his own behalf, and in behalf of all other stockholders . . . who may come in and contribute to the expenses," against the Memphis and Charleston Railroad Company, a corporation existing under the laws of the States of Tennessee, Alabama, and Mississippi, and the East Tennessee, Virginia and Georgia Railroad Company, a corporation existing under the laws of Tennessee and Georgia. The bill was filed August 31, 1882, and

alleged that on the second of June, 1877, the Memphis and Charleston Company executed what purported to be a lease of its railroad, and appurtenances to the East Tennessee, Virginia and Georgia Company for a period of twenty years from July 1, 1877; that this lease was modified in some particulars December 2, 1879; that neither the lease nor the modification were within the corporate power or authority of either of the parties thereto; that, notwithstanding this, the East Tennessee, Virginia and Georgia Company had taken possession of and was operating the leased railroad; that Grayson, the complainant, was not present, either in person or by proxy, at any meeting of the stockholders of the Memphis and Charleston Company, if any there ever had been, when the lease was authorized or approved; that he had never consented thereto, and his rights as a stockholder "are in nowise affected by any such action of a stockholders' meeting at which he was not present, in which he did not participate, and in which his stock was not represented — such action being *ultra vires* and without legal authority;" that at a meeting of the stockholders of the Memphis and Charleston Company, on the 22d of August, 1882, a resolution was adopted authorizing the directors to appoint a committee to meet the East Tennessee, Virginia and Georgia Company and arrange for a cancellation of the lease, it being understood that the last named company would surrender its rights as lessee on payment of $400,000; that the resolution was adopted under the influence of the belief that upon the payment of this amount the lease would be abrogated; that at the same meeting a further resolution was adopted authorizing the issue of five millions of dollars of additional stock, to be sold at eight cents on the dollar to raise the amount to be paid the East Tennessee, Virginia and Georgia Company, in case the proposed arrangement was carried out; that Grayson, the complainant, voted against both these resolutions; that, on a fair settlement of the accounts between the two companies for the operations of the East Tennessee, Virginia and Georgia Company during the time it had been in possession under the lease, a large sum would be found due to the Memphis and Charleston Company; and that the directors of the Memphis

and Charleston Company will not, and Grayson, the complainant, cannot, bring a suit in the name of the company to have the lease set aside. . The prayer of the bill is for a cancellation of the lease, for an account, and for an injunction to restrain the East Tennessee, Virginia and Georgia Company from operating the road, and the Memphis and Charleston Company from paying $400,000 or any other sum for the cancellation of the lease, and from issuing the new stock to raise the money to make the payment.

On the 4th of September, 1882, the East Tennessee, Virginia and Georgia Company filed a petition for the removal of the suit to the Circuit Court of the United States, on the ground that the company is a citizen of Tennessee and Grayson a citizen of Alabama, and "there is a controversy which is wholly between citizens of different States, and which can be fully determined between them; to wit, a controversy between the said petitioner and the said John W. Grayson." The Circuit Court, on motion, remanded the cause, and that order is now here for review.

We are unable to distinguish this case from that of *New Jersey Central Railroad* v. *Mills*, 113 U. S. 249. It is brought by a stockholder of the Memphis and Charleston Railroad Company, in behalf of himself and any other stockholders who will contribute to the expenses, to set aside a lease made by that corporation to the East Tennessee, Virginia and Georgia Railroad Company, in excess of its corporate powers, and to restrain the Memphis and Charleston Company from carrying into effect a resolution of its stockholders authorizing a settlement with the East Tennessee, Virginia and Georgia Company, by the payment of $400,000, to secure a cancellation of the lease. The bill was filed by one of the minority stockholders nine days after the resolution in favor of the settlement was passed, and one of its objects is to defeat this action of the majority. Under these circumstances it is clear that the Memphis and Charleston Company is not a mere formal party, or a party in the same interest with Grayson, but is rightly and necessarily a defendant. The corporation, as a corporation, has determined, by a vote

of its stockholders, to pay $400,000, which it proposes to raise by a ruinous sale of stock, to get rid of a lease that Grayson insists is void and ought to be annulled without any payment whatever, and the lessee brought to an account.

Neither is there a separate controversy in the case between the complainant and the East Tennessee, Virginia and Georgia Company. The principal purpose of the suit is to set aside the lease for want of authority to make it. For that purpose both the lessor and lessee are necessary parties. Grayson is not suing for the Memphis and Charleston Company, but for himself. It is true a decree in his favor may be for the advantage of the Memphis and Charleston Company, but he does not represent the company in its corporate capacity, and has no authority to do so. As a stockholder he seeks protection from the illegal acts of his own company as well as the other. According to the allegations of the bill, it may fairly be inferred that a majority of the stockholders of the Memphis and Charleston Company have combined with the East Tennessee, Virginia and Georgia Company to sacrifice the rights of the minority, and this suit is in behalf of the minority to protect themselves against this unlawful and fraudulent combination. Left to themselves, the two companies will settle on a basis that will be ruinous to the interests of Grayson and those in like situation with himself. This he seeks to prevent.

In the argument it is suggested that this case differs from that of the *New Jersey Central Railroad* v. *Mills* in the fact that in that case the two corporations joined in an answer insisting on the validity of the lease, and in this nothing of the kind has been done. But here the allegations of the bill, which, for the purposes of the present inquiry, must be considered as confessed, are to the effect that the two companies are acting in harmony upon the question of validity, and that, unless restrained, the Memphis and Charleston Company will make a settlement which will be greatly to the injury of its minority stockholders, of whom this complainant is one. This is certainly the equivalent of the joint answer in the other case.

*The order remanding the case is affirmed.*