REDFIELD v. BALTIMORE & O. R. CO. et al. (two cases).

(Circuit Court, S. D. New York. July 29, 1903.)

Nos. 24, 25.

1. JURISDICTION OF FEDERAL COURT—SUIT BY STOCKHOLDER—ALIGNMENT OF PARTIES.

In a suit by a stockholder of a corporation of the same state against such corporation and a foreign corporation to charge the latter as trustee because of acts which as majority stockholder it caused the former to do in fraud of its other stockholders, the domestic corporation is not a party in the same interest as complainant, and cannot be aligned with him for the purpose of giving a federal court jurisdiction on the ground of diversity of citizenship.

2. SAME—INDISPENSABLE PARTIES.

To a suit by a stockholder in a domestic corporation to charge a foreign corporation as trustee on the ground that as the owner of a majority of the stock of the domestic corporation it caused such corporation to do acts which were in fraud of its other stockholders, the domestic corporation is an indispensable party, and a federal court is without jurisdiction of such suit where complainant and such corporation are citizens of the same state.

In Equity. On demurrers to bills.

Wm. G. Guthrie, for demurrers.

Edw. R. Andrews, opposed.

PLATT, District Judge. In No. 24 the substantial allegations are these: The Baltimore & Ohio Railroad Company, having in 1883 acquired 51 per cent. of the capital stock of the Staten Island Rapid Transit Company in return for its guaranty of the latter company's bonds, in 1898, with ulterior motives, defaulted on its own guaranty, and likewise caused the Staten Island Company to default in the payment of the interest upon its bonds, although earned; that it thereupon, in furtherance of its design to acquire an undivided title to the property of the Staten Island Company, entered into an arrangement with the Staten Island bondholders to foreclose their mortgage; and that at the foreclosure sale, thus brought about, the Staten Island property was in fact acquired in the interest of the Baltimore & Ohio by the new Staten Island Rapid Transit Railway Company, substantially all of whose stock it owned. The relief prayed for is that a number of shares of the capital stock of the Staten Island Rapid Transit Railway Company equivalent to the Baltimore & Ohio Railroad Company's holding in the old Rapid Transit Company, to wit, 2,550 shares, be assigned by the Baltimore & Ohio to the old Rapid Transit Company. The defendant the Baltimore & Ohio Railroad Company is characterized as a trustee for the defendant the Staten Island Rapid Transit Railroad Company, and the injuries said to have been sustained by the plaintiff are conceded to be injuries sustained by him as a member of the corporate body.

In No. 25 there are minor differences. The insolvency of the Baltimore & Ohio Company appears as a reason for default on its guaranty.

¶ 1. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

The relief sought is that the defendant transfer 100 shares of stock in the new Staten Island Company to the plaintiff. The defendant is alleged to be a "trustee for the minority stockholders and the bondholders and for the Staten Island Rapid Transit Railroad Company." The violation of this trust constitutes the gravamen of the bill. In both suits the demurrers challenge the jurisdiction of the court.

In No. 24 the first ground of demurrer filed by both defendants is as follows:

"(1) That this court has no jurisdiction of the said bill because it appears that the plaintiff and the defendant Staten Island Rapid Transit Railroad Company, an indispensable party defendant, are both citizens of the state of New York."

In No. 25 the first ground of demurrer filed by the defendant is as follows:

"(1) That it appears from the plaintiff's own showing by the said bill that the Staten Island Rapid Transit Railway Company and the Staten Island Rapid Transit Railroad Company are necessary and indispensable parties to this suit and should be joined as parties defendants."

Since my decision is based upon the points raised in the quotations made, it is unnecessary to state the other grounds set forth in the demurrers.

Let us first take up suit No. 24. The parties are so arranged herein that citizens of New York appear upon both sides of the case. If they belong there, the Circuit Court has no jurisdiction. Amory v. Amory, 95 U. S. 187, 24 L. Ed. 428; Cont. Ins. Co. v. Rhoads, 119 U. S. 240, 7 Sup. Ct. 193, 30 L. Ed. 380; Mex. Railway Co. v. Eckman, 187 U. S. 433, 23 Sup. Ct. 211, 47 L. Ed. 245. The court is asked to extricate the pleader from the sad plight into which his own logic carried him. That the Staten Island Rapid Transit Railroad Company is an indispensable party does not appear to be in contention. Davenport v. Dows, 18 Wall. 626, 21 L. Ed. 938; Swan Land & Cattle Co. v. Frank, 148 U. S. 610, 13 Sup. Ct. 691, 37 L. Ed. 577.

We come at once, then, to the vital question, shall that company be aligned as a coplaintiff? That depends upon the answer to another question, is there such an antagonism between the parties as to forbid such alignment? In determining whether such an antagonism does or does not exist there are two views of the case which demand diligent and thoughtful examination.

The plaintiff has invoked the benefit of equity rule 94. He sets forth that he had asked the Staten Island Company to bring suit in its corporate capacity, and had told it that failure to do so would be considered a refusal, and the company, being under the control of the Baltimore & Ohio, has neglected to bring the suit, just as he supposed it would, and he therefore makes it a defendant. He assumes to sue "at the special instance and request of the majority stockholders." The defendant contends that under the federal decisions such a refusal, after request, in and of itself creates such an antagonism as to make its alignment as coplaintiff impossible. A line of cases is cited, beginning with Dodge v. Woolsey, 18 How. 346, 15 L. Ed. 401, then Memphis City v. Dean, 8 Wall. 73, 19 L. Ed. 326, and Greenwood v. Freight R. Co., 105 U. S. 16, 26 L. Ed. 961; Detroit v. Dean, 106

U. S. 537, 1 Sup. Ct. 560, 27 L. Ed. 300, is considered inferentially favorable; Bowdoin College v. Merritt (C. C.) 63 Fed. 215, is especially referred to as controlling. In their brief counsel for plaintiff seem to appreciate the force of the Bowdoin College Case, and cite, as against it, Barry v. Mo., K. & T. Ry. Co. and another (C. C.) 27 Fed. 1. If it were necessary to follow the defendant to the limit in his contention on this view of the case, it is not impossible to distinguish the Barry Case from the Bowdoin College Case, but such a distance my view of this matter does not compel me to travel.

When we look at the facts which are admitted by the demurrer, the antagonism impresses itself quite as forcibly upon me as it evidently did upon the pleader when he told his story of trick, artifice, and fraud. The chain of reasoning by which counsel metamorphoses an antagonism which seemed really self-evident then into a harmonious and friendly relation now is not well forged. He contends that the Baltimore & Ohio Company, the wicked partner or master, or whatever it may seem best to call that company, owned and controlled a majority of the Staten Island Company's stock, and through that domination was enabled to bring about the lamentable situation so dolorously portrayed. He argues that an antagonism is legally impossible by reason of that continuous domination. I think that the antagonism is emphasized and accentuated by that fact.

The position of the Baltimore & Ohio is certainly an anomalous one. It had a corporate entity of its own, and also controlled the corporate entity of the Staten Island Company. So controlling the latter's corporate entity, it was enabled to perpetrate a fraud upon the minority stockholders and the company. Apparently such action placed both corporate entities in antagonism to the complaining member of the minority of the Staten Island Company. It would seem necessary for both corporate entities to appear in court with an "opportunity of explanation and defense." Taylor v. Holmes (C. C.) 14 Fed. 507. A wrongdoer, be he slave or whatever you please, cannot be expected to request the injured owner of 100 shares of the stock to hale him into a court of equity and expose his shame to the world at large. To align the Staten Island Company as coplaintiff would be exceptionally inconsistent in this case, since it was necessarily a party to the injuries complained about, and it would cut a sorry figure in court as a confessed wrongdoer. N. J. Central R. R. Co. v. Mills, 113 U. S. 256, 5 Sup. Ct. 456, 28 L. Ed. 949; East Tenn., etc., R. R. v. Grayson, 119 U. S. 244, 7 Sup. Ct. 190, 30 L. Ed. 382; MacGinniss v. B. & M. Cons. Copper, etc., Mining Co., 119 Fed. 101, 55 C. C. A. 648.

The antagonism, after the last analysis, is obvious, inherent, fundamental, and jurisdictionally necessary. We may admit, for the sake of argument, that the Baltimore & Ohio Company by its major ownership became trustee under an express trust for the minority stockholders and for the company. That does not change the face of affairs so far as the corporate action of the company which it controls is concerned. If that company was a slave at the beginning, it is still a slave. Slavery would render it legally incapable of antagonizing its master. It would be compelled to raise its voice at least in support

of the master's policy. It may have become necessary for the plaintiff to flee from the wrath to come. I do not offer my views upon that point. I have only the word of his eloquent counsel to support the suggestion. But when during that expedition he reaches the gates of this forum, they are, in my opinion, hermetically sealed against him. Whatever the result, he must stand or fall upon the equitable considerations of another tribunal.

Let us glance for a moment at No. 25. Here the plaintiff insists that the Staten Island Company is not an indispensable party. But the very line of reasoning which he adopts to sanction the elimination of that company carries him beyond the power of equity also. Under the decisions, if he can come here at all, he must come as a stockholder representing his stock, as a fractional portion of the corporate entity, demanding relief against the major holder, who has done him and the company to which he belongs a wrong which equity can remedy. Obviously the corporate entity ought to come in and defend itself, explaining its action if it can be explained, and is just as indispensable as the party who controlled that entity. With the record as it stands, the court could not furnish adequate and ample relief. Its power would be seriously hampered. Equity will never permit herself to be so placed. If the corporate entity had become extinct, a different situation would present itself; but the plaintiff is evidently of the opinion that the old Staten Island Company is still quite vigorous and hearty, and I see no reason for taking a different view of the matter.

I have purposely refrained from a discussion of the other interesting points raised by the demurrers, but they have been carefully examined. The suggestions that the new Staten Island Company is an indispensable party, and that there is a lack of equity in the bills as framed, are not without merit.

And now both cases can properly be disposed of at the same time. Let the bills be dismissed, with costs to each defendant in No. 24, and with costs to the defendant in No. 25, and let both dismissals be without prejudice.