**DEL FUNGO GIERA v. ROCKLAND LIGHT & POWER CO. et al.**

District Court, S. D. New York.

Jan. 16, 1931.

Ellsworth Baker, of Monticello, N. Y. (Max Rockmore, of New York City, of counsel), for plaintiff.

Breed, Abbott & Morgan, of New York City, and Samuel M. Cuddeback, of Port Jervis, N. Y., for defendant D. Edgar Manson.

WOOLSEY, District Judge.

The motion to remand is granted.

I. This is a stockholder's action brought by the plaintiff, as a stockholder of the Rockland Light & Power Company, a corporation of New York state, hereinafter called the Rockland Company, in his own behalf and in behalf of others similarly situated. It is brought because the defendant directors would not bring suit against the corporate defendant or through it against themselves for relief from their own misconduct.

The gravamen of the plaintiff's cause of action as stated in his complaint is in effect a still continuing conspiracy on the part of the individual defendants, some acting as of-

ficers and/or directors, and some also as trustees of its stock under a stock trust agreement, dated July 1, 1927, to deplete the assets of the Rockland Company.

Of the individual defendants Alexander S. Burns and Charles Whetstone are citizens and residents of the State of New York.

The relief prayed in the complaint is:

1. Investigation and discovery by a master or referee of the affairs of the company and the acts of the defendants with relation thereto, in order that the company's financial status may be ascertained and any illegal practices or policies of the individual defendants uncovered.

2. For an injunction against the defendants Charles H. Tenney, who is a resident of Massachusetts, B. Edgar Manson, the removing defendant, who is a resident of Massachusetts, Edward M. Bradley and Samuel A. York, who are residents of Connecticut, and Alexander S. Burns, who is a resident of New York state, restraining them from acting in connection with contracts alleged to exist between the Rockland Company and Charles H. Tenney & Co., and from acting or voting as trustees of the Rockland Company.

[1-3] II. The removal of the case was made on the petition of Manson, who claims that there exists a separable controversy between him and the plaintiff, and that, as he is a resident of Massachusetts and the plaintiff a resident of New York, he is entitled consequently to remove the case.

I have to take the pleadings as I find them, and it matters not that the plaintiff might have chosen another form of remedy which would have been separable. The fact is that the remedy which the plaintiff has chosen is a claim of conspiracy which, though possibly a defendant may be separately liable, is certainly a joint affair. Possible several liability and a separable controversy are not the same thing.

In Baillie v. Backus (D. C.) 230 F. 711, which is quite analogous to the instant case on its facts, the whole situation in a case such as this is so admirably discussed that I quote from it. Judge Wolverton said at page 716:

"The right of removal depends upon the case disclosed by the pleadings, when the petition therefor is filed. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514.

"The principle governing the question of removal involved here is very clearly stated in Boyd v. Gill (C. C.) 19 F. 145, 148:

" 'It does not necessarily follow that a controversy is wholly between a plaintiff and each one of several defendants, and can be fully determined as between them, merely because such a controversy might have been presented if the plaintiff had elected to present it in that form. The controversy in a suit is the one which is actually presented, not the one that might have been. It is not wholly between the plaintiff and one of the defendants because it might have been if the plaintiff had so elected. Nor can a controversy be fully determined between a plaintiff and one of the defendants when in the form and substance which it has assumed the plaintiff insists, and has a right to insist, that so far as he is concerned it shall be determined as to both of the defendants. The controversy is the claim in form and substance as it is presented for determination; and if a joint recovery against several defendants is claimed upon a cause of action which justifies a joint recovery, the controversy is between the plaintiff and all the defendants against whom the claim is asserted.'

"It was determined in that case that there was a separable controversy, because directors of a corporation were joined against whom a separate action could have been maintained, and the prayer of the bill was against each defendant for a several accounting. What is meant by separate causes of action, not separable controversies, is very well illustrated in Barney v. Latham, supra, where there were joined in the same bill a cause about land and another about money. See, also, Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823.

"Now, the bill of complaint in the present case does not seek a separate accounting, but an accounting by all the parties alleged to have been engaged causing the misappropriations, and, as appears from the theory of the bill, the cause is one against all the parties involved in misappropriating the funds of the Mining Company. Such is the case brought by plaintiff, and by it he is entitled to have the suit proceed in the forum of his choice. Separate causes of action are not joined, but only a particularization of different items of misappropriation, all entering into and forming elements of the general accounting demanded.

"Another contention is that the Mining Company should be aligned on the side of the plaintiff, and when so aligned the right of removal would exist without question. But the contention is precluded by the holding of the Supreme Court of the United States, and of the Court of Appeals of this Circuit, in analogous cases. New Jersey Central Railroad

554

Co. v. Mills, 113 U. S. 249, 5 S. Ct. 456, 28 L. Ed. 949; East Tennessee, etc., Railroad v. Grayson, 119 U. S. 240, 7 S. Ct. 190, 30 L. Ed. 382; MacGinniss v. Boston, etc., Min. Co., 119 F. 96, 55 C. C. A. 648. Being satisfied that under the bill of complaint, there exists no separable controversy as to Backus, the questions respecting service and the time in which application was made for removal become wholly immaterial for a determination of plaintiff's right to have the cause remanded."

See, also, O'Neil, Insurance Commissioner, v. Birdseye (D. C.) 244 F. 254, 257.

So here, even if the corporate defendant should be considered to be aligned with the plaintiff under the removal cases, Meyer v. Delaware Construction Co., 100 U. S. 457, 469, 25 L. Ed. 593, there are two citizens of New York named as individual defendants, and there is a controversy with the plaintiff stated in the complaint in which they are inseparably bound up with the removing nonresident defendant Manson and the other nonresident individual defendants.

Whether the New York defendants have yet been served is immaterial if a nonseparable cause of action is stated against them and the removing defendant.

When only one of several nonresident defendants in a nonseparable controversy removes a case which is properly removable because of diversity of citizenship, the plaintiff cannot complain and ask a remand because one of the nonresidents has not been served. Bowles v. H. J. Heinz Co. et al. (C. C.) 188 F. 937, 938; Tremper v. Schwabacher (C. C.) 84 F. 413, 414, 416; Hunt v. Pearce (D. C.) 271 F. 498, 502, affirmed 284 F. 321 (C. C. A. 8).

To hold otherwise would possibly enable the plaintiff in such a case to prevent the removal of a removable case by delay in service of process on some of the defendants.

But when a nonseparable controversy involves a resident defendant, as here, the rule is otherwise, and the nonresident defendant may not remove merely because the resident defendant has not been served. A resident defendant in a nonseparable controversy anchors the case in the state court. Armstrong v. Kansas City Southern Ry. Co. (C. C.) 192 F. 608, 615; Patchin v. Hunter (C. C.) 38 F. 51, 52, 53, and see Hunt v. Pearce (D. C.) 271 F. 498 at page 502.

This case, therefore, must be remanded, and an order so providing may be presented for settlement on two days' notice.