**ROGERS v. HILL et al.**

District Court, S. D. New York.
Oct. 29, 1931.

396

See, also, (D. C.) 53 F.(2d) 398.

Richard Reid Rogers, of New York City, pro se.

Chadbourne, Stanchfield & Levy, of New York City (William M. Parke, George W. Whiteside, and J. Arthur Leve, all of New York City, of counsel), for defendants.

WOOLSEY, District Judge.

First. The motion to remand is denied.

I. In this case plaintiff, a citizen of New York, brings suit as the actual and registered owner of 200 shares of the common stock of the American Tobacco Company, acquired in 1916, and 400 shares of the common stock B of said Company, acquired in 1925, against the defendant Hill, a citizen of New York, as president of the American Tobacco Company, and the defendants Penn, a citizen of North Carolina, and Mower, Neiley, and Roggio, citizens of New York, vice presidents thereof, and against the American Tobacco Company, a corporation of New Jersey, praying that the court should determine the fair and reasonable compensation of each of the said individual defendants for the years, 1921 to 1930, and that each of the said individual defendants be compelled to account for and pay over to the corporate defendant, American Tobacco Company, any amounts received in excess of such fair and reasonable compensation, whether received as fixed salary or as a profit participation under a by-law adopted at a stockholders' meeting of the American Tobacco Company, on February 21, 1912, and for an injunction against the American Tobacco Company to prevent and restrain it from paying to any of the said individual defendants in the future, any cash, or distributing to them any stock over and beyond the sums which might be fixed by the

court as the reasonable compensation for their several services.

II. The fact that this complaint attacks the by-law above referred to, of February 21, 1912, does not, as the plaintiff suggests, prevent the causes of action against the various defendants from being separable. The question is whether, as a matter of pleading, the causes of action are so stated here as to make them separable.

It is clear to me that the causes of action are separably stated because (1) the amount received by each of the officers is separately attacked, and (2) each officer is asked for a separate accounting and appropriate subsidiary relief, and also (3) there is a prayer for an injunction against the American Tobacco Company based presumably on the theory that the by-law above referred to is illegal, and asking for an injunction against it making further payments thereunder.

Thus both in respect of the basis of the suit and in respect of the relief asked, the causes of action are separable.

It is noteworthy also that the plaintiff has by implication admitted the separability of the causes of action against the several defendants by omitting, as is shown on the face of the papers, to sue one of the five vice presidents of the American Tobacco Company who belongs to the same category and is subject to the same attack as the defendants Mower, Penn, Neiley, and Roggio.

III. The suit was removed at the instance of the American Tobacco Company, a corporation of New Jersey, on the ground of the separability of the cause of action of the state court on April 3, 1919, and the record on removal was filed in this court on April 4, 1931.

At a later date, April 20, 1931, Charles A. Penn, a resident of the state of North Carolina, filed his petition for removal, also on the ground of the separability of the cause of action. The record of the removal of his case was filed herein on April 20, 1931.

Both these removals are before me now on this motion.

IV. It is perfectly obvious that this action is not, as I understood the plaintiff to suggest at the argument, a proceeding quasi in rem against the by-law itself as, in effect, binding all the defendants into one bundle, but it is a controversy between Mr. Rogers and each of the several officers of the American Tobacco Company who is named as a defendant here, and also between Mr. Rogers and the company against which separate relief is sought.

There is not here an allegation of joint action or conspiracy on the part of the defendants, and, consequently, the same question does not arise as arose in a case which I recently remanded. Del Fungo Giera v. Rockland Light & Power Co. (D. C.) 46 F.(2d) 552.

V. I think that the only question of the slightest doubt in this case is whether this is a multipartite action only maintainable under the New York Civil Practice Act, section 211, as a matter of preventing multiplicity of suits, and hence possibly remandable except as to the nonresidents, cf. Bailey v. Texas Co., 47 F.(2d) 153, 155 (C. C. A. 2), or whether it is a suit in which the plaintiff has necessarily joined a nonresident as a party in order to justify and secure the equitable relief which he desires to obtain.

I think that the latter is the situation here, because, in order to get the complete equitable relief which he seeks as stockholder, the plaintiff has to secure not only an accounting from the several officers, but also a repayment to the American Tobacco Company of the amounts which they have received in excess of a reasonable compensation as found by the court; and also to secure an injunction against the American Tobacco Company on the theory that the by-law above referred to was illegally adopted or was ultra vires.

VI. It seems to me, therefore, that there is a separable cause of action between the American Tobacco Company and the plaintiff, asking for separate relief, to which the accountings to the plaintiff from the several officers were the only incidents; that there is a separable controversy between Mr. Penn, the resident of North Carolina, and the plaintiff, which was entirely separable, so far as Mr. Penn was concerned, from the controversy with the other individual defendants, and which Mr. Penn was entitled to have heard in the federal court if he elected to do so.

If Mr. Penn had been sued jointly with the other individual defendants in the New York Supreme Court solely under the provisions of section 211 of the New York Civil Practice Act, to prevent multiplicity of actions, and the American Tobacco Company had been left out of the case, it is quite possible that under the principles suggested in the above-mentioned case of Bailey v. Texas Company, 47 F.(2d) 153 (C. C. A. 2), Mr. Penn would be allowed to remove his case, and the cases against the other individual defendants would have been remanded; but

as the plaintiff has now framed his bill and asked for his relief, it seems to me that there is not any question but that this court has jurisdiction of the case.

Second. The motion for further and better particulars is granted on the conditions and subject to the limitations hereinafter stated.

I. There is a second motion in this case made under Equity Rule 20 (28 USCA § 723), asking for further and better particulars of the plaintiff's case. The purpose of this motion is to get the plaintiff so to allege his cause of action as to enable a motion for judgment on the pleadings to be made by the defendants, and thus to test the validity, as a matter of law, of the by-law of February 21, 1912, above referred to.

II. I am in accord with this objective, but it is conceivable that an unconditional granting of the motion in this case would be unfair to the plaintiff if he should be unable to get some of the documents which it is required that he should set forth.

I think, therefore, that the proper procedure, inasmuch as the purpose of this motion is one to which both parties and the court are hospitable, is to grant the motion conditionally with a proviso in the order that if the plaintiff is not furnished the necessary papers by the defendant within sixty days, he shall have an opportunity of making a motion before me, on proper showing of his inability to comply with the order for better particulars, for such relief as may be provided by the equity rules, or, if that be not adequate, for an examination of the defendant American Tobacco Company, its officers and employees before trial, in order to enable him to secure the documents and other information which the defendants here have asked him to add to the complaint.

This is an equity case in which the procedure on such matters in this court is far more plastic than it is at law, but my belief in the importance of having the issues limited and fixed before trial, as much as is reasonable in each case, is so firm that recently I granted a plaintiff leave in an action at law to examine the defendant before trial in order to enable it to frame a bill of particulars on which the defendant was insisting. Heister, as Administratrix, v. Lehigh & New England R. Co. (D. C.) 50 F.(2d) 928.

A fortiori I could grant such relief, if necessary, on the equity side of Court.

Third. Present orders in accordance with the decisions of these motions to the clerk on two days' notice.