ROGERS v. GUARANTY TRUST CO. OF NEW YORK et al.

District Court, S. D. New York.
Oct. 29, 1931.

See, also, (D. C.) 53 F.(2d) 395.

Richard Reid Rogers, of New York City, pro se.

Chadbourne, Stanchfield & Levy, of New York City (William M. Parke, George W. Whiteside, and J. Arthur Leve, all of New York City, of counsel), for defendants.

WOOLSEY, District Judge.

First. The motion to remand is denied.

I. This suit was removed to this court on petition of Charles A. Penn, a citizen of North Carolina, and the American Tobacco Company, a corporation of New Jersey, on the ground that there was a separable controversy between the removing petitioners and the plaintiff, who is a citizen and resident of New York.

II. The plaintiff, Richard Reid Rogers, a citizen of New York, owner of 200 shares of the common stock of the American Tobacco Company and 400 shares of the common stock B of that Company, brings suit against the American Tobacco Company, a corporation of New Jersey, its president, vice president, treasurer, and secretary, and against the Guaranty Trust Company of New York and Julius Parker, Esq., a citizen of New York, as trustees under an employees' stock subscription plan adopted by the American Tobacco Company at a meeting of stockholders held July 28, 1930. A copy of the alleged plan was annexed to the complaint as Exhibit A.

III. The contention of the plaintiff is that the plan was ultra vires and void because the board of directors were authorized to allot stock for subscription to employees of the corporation and its subsidiaries by way of additional compensation for services to be rendered, and that it was also illegal because the selection of the persons, to whom the opportunity of subscription was thus to be offered, was to be made by the president of the company pursuant to authority delegated to him by the board of directors.

IV. The prayer of the complaint is that the Guaranty Trust Company of New York and Parker, a citizen of New York, as trustees, be required to cancel any sale or agreement under which the stock is held to the benefit of any director, officer, or employee of the company, and to return the stock to the treasury of the American Tobacco Company, refunding to any employee any money paid by him by way of subscription, with interest thereon, and that the shares of common stock B, already issued under the alleged illegal plan, be declared void and of no effect, and that the individual defendants should be required to account for and return to the company any part of the shares of common stock B which they or either of them might have received under the said employees' stock subscription plan, and should account to the company and its stockholders, by reason of the illegal acts already done by them thereunder.

In this case, all the parties mentioned as defendants were proper parties to the plaintiff's complaint, and some of them, as for example, the trustees and the defendant corporation, were necessary because the broad equitable relief which the plaintiff seeks could not have been properly effectuated in the absence of the trustees and the corporation.

I think, moreover, it is clear that the relief requested against Penn, although based on the same alleged illegality of the employees' subscription plan, is necessarily based on a cause of action which is separable from the relief sought against the trustees under that plan, and against other individual defendants. This is so because the alleged cause of action against Penn involves a personal liability on his part entirely separable from the liability of any other party.

■ There is also a separable controversy, alleged in paragraph seventeenth of the complaint, between the American Tobacco Company, a corporation of New Jersey, and the plaintiff, a citizen of New York, alleging that the employees' distribution plan is in derogation of the right of pre-emption in the purchase of stock afforded to the plaintiff by the charter of the company.

The plaintiff also prays separate relief against the American Tobacco Company in respect to the employees' stock subscription plan as an allegedly ultra vires act, and asks that it should, therefore, be declared illegal and void and of no effect.

Even if on the claims against the American Tobacco Company there should be a question as to the alignment of parties, although I think there is not, the removal by Penn solidifies the position of the cause in this court.

Second. The motion for further and better particulars is granted on the conditions and subject to the limitations stated in my opinion in Rogers v. Hill et al. (D. C.) 53 F.(2d) 395, filed this day.

Third. Present orders in accordance herewith to the clerk on two days' notice.