**PICKER et al. v. UNITED CIGAR STORES CO. OF AMERICA.**

District Court, S. D. New York.
Sept. 12, 1933.

Charles Rosenbaum, of New York City (Mortimer Hays and Charles Joseph, both of New York City, of counsel), for plaintiffs.

Sullivan & Cromwell (by Alexander M. Grean, Jr.), of New York City, for defendant.

WOOLSEY, District Judge.

These motions to remand are granted. As I find no jurisdiction, there cannot be any costs.

I. There is a nice question involved in this and its sister motion as to whether the removing defendants may claim that there is a separable cause of action against them. The stronger argument can be made for the Delaware corporation. But it seems to me that it may be fairly said that the situation here shown lies between that before me in Rogers v. Hill et al. (D. C.) 53 F.(2d) 395, a clearly removable case, and that before me in Del Fungo Giera v. Rockland Light & Power Company et al. (D. C.) 46 F.(2d) 552, wherein the removal was held to have been improper.

II. The technique of approach to a decision on motions of this kind is that, as this is a court of limited jurisdiction, the party invoking the jurisdiction must clearly show that the cause is within it. That the removing parties have not done herein.

For I think that, though the word "joint" is not used, the allegations of paragraphs nineteenth and twentieth of the complaint, especially the latter, sufficiently clearly set forth a joint action of all the defendants, and require me to hold that, as the plaintiffs have chosen to plead their cause, it involves joint action of all the defendants and, hence, a nonseparable controversy with the two New York corporations, which makes its remand necessary.

Settle order on notice.