## DeVAN v. TOBACCO PRODUCTS CORPORATION OF DELAWARE et al.

District Court, S. D. New York.

June 2, 1937.

Kraushaar & Klapper, of New York City (Meyer Kraushaar, of New York City, of counsel), for plaintiff.

Sullivan & Cromwell, of New York City (Inzer B. Wyatt, of New York City, of counsel), for defendant United Stores Corp.

LEIBELL, District Judge.

Plaintiff's motion to remand is granted.

Plaintiff, a citizen of New York and a stockholder of Tobacco Products Corporation of Delaware (having purchased 100 shares in October, 1935), sues in equity on behalf of himself and other stockholders similarly situated and on behalf of the corporation, naming as defendants the corporation itself, certain of its directors, and the United Stores Corporation, also a Delaware corporation. The cause of action against the directors of the Tobacco Products Corporation of Delaware is to hold them accountable for their acts as directors, "for their official conduct, including any mismanagement, waste, dissipation of assets, betrayal of trust, negligence, acts of omission or commission in the management and disposition of the funds and property committed to their care or otherwise in the performance of their duties." The claim against United Stores Corporation is alleged to be based upon its participation in certain acts of the directors and its co-operation with them in consummating certain transactions that are alleged to be fraudulent or otherwise unlawful, all to the damage of Tobacco Products Corporation of Delaware in which plaintiff is a stockholder.

The suit was removed to this court from the New York Supreme Court on petition of the defendant United Stores Corporation, which alleged that the complaint discloses a separate controversy involving more than $3,000 between plaintiff and said petitioner, who are citizens of different states, to which controversy the individual defendants are not necessary or proper parties and that it can be wholly determined without their presence. The pertinent part of 28 U.S.C. § 71 (28 U.S.C.A. § 71), reads as follows: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

From an analysis of the bill of complaint, in so far as it affects the United Stores Corporation, we are constrained to conclude that no separable controversy wholly between plaintiff and defendant United Stores Corporation is pleaded.

1. United Stores Corporation, organized June, 1929, owns a majority of the common stock of Tobacco Products Corporation of Delaware which was organized about November, 1931. The officers and directors of both corporations are practically the same. (Par. 4 of complaint.) The individual defendants, as such officers and directors, controlled both corporations. Further, all of the common stock (the voting stock) of United Stores Corporation was deposited under a voting trust agreement of which four of the ten individual defendants were, with another individual, the voting trustee, "and as a result of said voting trust agreement the said defendant United Stores Corporation was completely dominated and controlled by the individual defendants." (Par. 11 of complaint.) Apparently the control of United Stores Corporation under the voting trust agreement gave the individual defendants, who were trustees of the voting trust, control also of Tobacco Products Corporation of Delaware, because United Stores Corporation owned a majority of the stock of that corporation. (Par. 25 of complaint and Exhibit A to complaint, par. entitled "Effect of the Plan.")

In his complaint plaintiff charges the individual defendants with acts of malfeasance and misfeasance as directors of Tobacco Products Corporation of Delaware, practically from the inception of said corporation. Tobacco Products Corporation of Delaware, after its organization in November, 1931, had as its principal assets (1) a large block of stock of United Cigar Stores Corporation and (2) all the common stock of Tobacco Products Corporation of New Jersey. Some of the alleged illegal acts of the director defendants, as set forth in the complaint, relate to the reorganization of the United Cigar Stores Corporation in this court. The individual defendants are charged with having adopted a resolution, as directors of United Cigar Stores Company of America, by which that corporation was placed in bankruptcy. Paragraph 37 of the complaint reads as follows: "Upon information and belief, that the filing of said petition in bankruptcy against the United Cigar Stores Company of America was part of a plan participated in by the individual defendants and others wherein and whereby the defendant United Stores Corporation might, at the expense of stockholders of defendant Tobacco Products Corporation of Delaware and of the general public, and at the expense of landlord creditors of the United Cigar Stores Company of America, effect a reorganization of said United Cigar Stores Company of America and obtain control of the assets of said United Cigar Stores Company of America, to the profit of the said defendant United Stores Corporation and of the individual defendants George K. Morrow and Frederick K. Morrow, and that the said plan involved the creation of a panic in the stock market in connection with the $10,000,000 bond issue and rendered worthless the common stock of the United Cigar Stores Company of America to the detriment of the defendant Tobacco Products Corporation of Delaware and its stockholders."

The complaint alleges (par. 38) that, after the filing of said petition in bankruptcy, the defendant United Stores Corporation acquired not less than $4,083,000 of the said bond issue of Cigar Stores Realty Company (a subsidiary of United Cigar Stores Co. of America) at prices far below their intrinsic value, and that one of the defendants, George K. Morrow, and his wife similarly acquired some of that bond issue. The complaint also alleges that in the reorganization proceedings of United Cigar Stores (under § 77B of the Bankruptcy Act, as amended 11 U.S.C.A. § 207) certain creditors objected to the claims of defendant United Stores Corporation and of said individual defendant and his wife, based on said bond ownership, and that in order to satisfy the objectors a deal was made whereby "the defendants did sell and dispose of the holdings of the said defendant Tobacco Products Corporation of Delaware in the United Cigar Stores" as part of the plan of reorganization of United Cigar Stores, for $512,713.39, although said stock was carried on the books of Tobacco Products Corporation of Delaware for almost $8,000,000 and would have been worth that sum "had it not been for the unlawful and improper acts of the individual defendants and the defendant United Stores Corporation." (Par. 43 of com-

plaint.) The complaint then alleges (par. 44) "that as a result of said transaction the defendant United Stores Corporation earned a substantial profit on its investment, but the defendant Tobacco Products Corporation of Delaware sustained a very heavy and substantial loss" and (par. 45 of complaint) "that the said loss was not occasioned by an error of judgment, but because of the gross negligence, waste, breach of trust of the individual defendants in which the defendant United Stores Corporation participated and profited."

For the purposes of the present motion the allegations of the bill of complaint must be taken at their face value. Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 727, 36 L.Ed. 528. In its petition removing this suit to this court the defendant United Stores Corporation asserted that the claim involving $4,083,000 of bonds of Cigar Stores Realty Corporation was part of a separate controversy wholly between plaintiff and the petitioner. In my opinion the claim, pleaded in the allegations of the complaint that I have just summarized, is a joint claim against the individual defendants and the United Stores Corporation, based upon the alleged joint illegal conduct of all the defendants—at least, so it is pleaded. "The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." Torrence v. Shedd, supra.

2. One of the assets of Tobacco Products Corporation of Delaware, immediately after its organization, was the entire common stock of Tobacco Products Corporation of New Jersey. That common stock of the New Jersey corporation represented in effect the equity in the commuted value of a lease of tobacco brands, etc., to the American Tobacco Company, over and above the amount of a bond issue of the New Jersey company, which was in effect a first lien on the proceeds of the lease. (Pars. 15, 30 of complaint.) This equity was estimated to be at least the sum of $1,175,454.98 when the Tobacco Products Corporation of Delaware and the Tobacco Products Corporation of New Jersey were formed (par. 30 of complaint); but when the American Tobacco Company in January, 1935, exercised its right to commute the balance of the annual payments under the lease by the payment of a lump sum, the commuted value of the lease was estimated by the American Tobacco Com-

pany to be a sum that would make said equity (after payment of the bonds) only about $45,000. The complaint alleges that there was a dispute between the Tobacco Products Corporation of New Jersey and American Tobacco Company as to the commuted value of the lease and that a sum of $1,112,744.15 was deposited with the Guaranty Trust Company "to be held subject to the proper determination of such controversy" (par. 48 of complaint). Litigation was instituted to determine the correct amount due from American Tobacco Company to the Tobacco Products Corporation of New Jersey and that litigation was settled about May, 1936, by the payment of $650,000 to Tobacco Products Corporation of New Jersey out of the moneys held by the Guaranty Trust Company. (Par. 51 of complaint.) Plaintiff alleges that said settlement was improvident and that he opposed it, when confirmation of the settlement was sought by the individual defendants at the annual meeting of the stockholders of Tobacco Products Corporation of Delaware (par. 52 of complaint). United Stores Corporation owned a majority of the common stock of Tobacco Products Corporation of Delaware. Plaintiff alleges that the agreement of settlement was made with "the consent of the defendant United Stores Corporation" (par. 51 of complaint) and that "the defendant United Stores Corporation voted its shares in support of said settlement" notwithstanding that plaintiff wanted a judicial determination of the matter (par. 53 of complaint). Plaintiff charges that the individual defendants were "actuated by ulterior motives * * * for their own personal and individual advantage."

The petition, on which United Stores Corporation had this suit removed to this court, states that giving consent to the said settlement and voting its stock in Tobacco Products Corporation of Delaware, in approval of the settlement, are two of the acts charged against the defendant United Stores Corporation, which said defendant contends form part of a separate controversy between it and the plaintiff. In my opinion this is another instance where the complaint in effect charges that the defendant United Stores Corporation co-operated with the individual defendants in effecting an arrangement that resulted in a loss to the defendant Tobacco Products Corporation of Delaware—in this instance an alleged loss of $462,744.15. Affirmative

and joint action is in effect charged against all the defendants, including United Stores Corporation.

3. Finally the complaint alleges, that although all the assets of Tobacco Products Corporation of Delaware have been reduced to cash and that "the time had come, in accordance with the representations and promises contained in Exhibit A" annexed to the complaint, "for a voluntary dissolution of said corporation, the individual defendants and the defendant United Stores Corporation have refused to dissolve said corporation, but have been and are utilizing the assets of such corporation to serve the selfish purposes of the individual defendants and defendant United Stores Corporation and to enable them to speculate with the assets of the said defendant Tobacco Products Corporation of Delaware" (par. 54 of complaint). The complaint also charges that the individual defendants have authorized large and unnecessary officers' salaries and directors' fees (par. 55 of complaint) and that the defendants, although plaintiff had demanded that they cause Tobacco Products Corporation of Delaware to be dissolved and its assets distributed, "have failed and refused to take such action, and have, upon information and belief, invested the assets of said defendant Tobacco Products Corporation of Delaware in various stocks and securities in which these individual defendants have a personal interest." (Par. 56 of complaint.) This group of allegations also charges that all the defendants jointly did the acts which plaintiff claims to have been improper and wasteful and to have resulted in loss and damage to Tobacco Products Corporation of Delaware, of which he is a stockholder. Here again the pleading sets forth alleged illegal acts that are not the basis of a separable controversy wholly between the plaintiff and defendant United Stores Corporation, although the petition for removal to this court contends that they are.

4. If there existed any doubt as to the pleader's purpose to hold all the defendants as jointly involved in the alleged illegal acts and conduct set forth in the complaint, the fifty-seventh paragraph of the complaint clearly states his purpose. It is alleged, "Upon information and belief, that the acts and conduct of said individual defendants and of the defendant United Stores Corporation have been wasteful and extravagant and the said defendants have been guilty of breaches and betrayals of trust and dissipation of assets and other improper acts as hereinabove alleged and are liable to the said corporate defendant Tobacco Products Corporation of Delaware for all losses resulting from said acts." Picker v. United Cigar Stores Co. of America (D.C.) 6 F.Supp. 316.

5. In the prayer for relief plaintiff demands judgment that the individual defendants account for their official conduct and that they pay to Tobacco Products Corporation of Delaware any money and the value of any property which they have lost or wasted; "that the defendant United Stores Corporation be adjudged to pay to the defendant Tobacco Products Corporation of Delaware all damages sustained by said latter corporation as a result of the wrongful and unlawful acts and conduct of said defendant United Stores Corporation as above described"; and that each of the defendants be declared to hold in trust for the benefit of Tobacco Products Corporation of Delaware "all of the assets, moneys and property of said corporation now in their possession or under their control" and "that a lien be declared upon said assets" and "that the individual defendants be restrained from transferring, merging or otherwise disposing of the same pendente lite and permanently."

It may be argued that joint as well as several liability is not claimed in the relief sought against the individual defendants and United Stores Corporation, but the cause of action or controversy pleaded in the body of the complaint is unmistakably joint against all the defendants. Picker v. United Cigar Stores Co. of America, supra.

6. Reading through the entire bill of complaint and taking it as a whole the theory upon which it was drawn becomes apparent, namely, that there was a joint participation by all the defendants named in a common scheme. The corporation defendants are all alleged to be actors, though controlled by the individual defendants; but all are separate entities and together with the individual defendants are alleged to have worked to a common unlawful purpose. This parallels the situation pleaded in Baillie v. Backus et al. (D.C.) 230 F. 711.

7. Defendant United Stores Corporation argues that the asserted basis for its alleged liability for the acts and conduct attributed to it in the complaint is that the

said defendant is the majority stockholder in the Tobacco Products Corporation of Delaware of which plaintiff is a stockholder. I do not find, however, any allegations in the complaint which charge specifically any breach of duty of defendant United Stores Corporation, as the majority stockholder of Tobacco Products Corporation of Delaware, although there is a general statement in the fifty-seventh paragraph charging all of the defendants with breach and betrayal of trust and dissipation of assets. Defendant United Stores Corporation contends that the basis of the claim asserted against it in the complaint is by reason of its duty as a majority stockholder to the plaintiff, a minority stockholder of Tobacco Products Corporation of Delaware, and that the claim asserted against the individual defendants in the complaint is by reason of their duty to faithfully serve, as directors, the Tobacco Products Corporation of Delaware and its stockholders. From that premise defendant seems to argue that plaintiff has no right to prosecute all the defendants jointly. On this point the following quotation from Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 218, 26 S.Ct. 161, 165, 50 L.Ed. 441, 4 Ann.Cas. 1147, is appropriate: "Upon the face of the complaint,—the only pleading filed in the case, —the action is joint. It may be that the state court will hold it not to be so. It may be (which we are not called upon to decide now) that this court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the Federal court."

8. Plaintiff in his brief argues that one reason why this court should give up jurisdiction and remand this suit to the state court is because there is a difference of opinion between the federal courts and the state courts on the rights of a stockholder to sue on alleged fraudulent acts of directors and others consummated before he acquired his stock. Plaintiff cites Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827, as setting forth the federal rule and Pollitz v. Gould, 202 N.Y. 11, 94 N.E. 1088, 38 L.R.A.(N.S.) 988, Ann.Cas.1912D, 1098, as setting forth the New York state rule.

A similar argument was discussed in the above-cited case of Alabama Great Southern R. Co. v. Thompson and disposed of as follows (page 219 of 200 U.S., 26 S.Ct. 161, 165, 50 L.Ed. 441, 4 Ann.Cas. 1147): "The Federal courts in some states hold a different rule as to the doctrine of fellow-servants from that administered in the state courts, and in other ways administer the common law according to their own views. It has not been suggested that a right of removal should arise from such differences. No more has Congress given the right where the state permits an action to be prosecuted jointly which would be held to be several only in the courts of the United States."

All the cases clearly hold that in passing upon a motion to remand the court is required to keep its eyes on the pleading, that is, the bill of complaint, and to assume everything pleaded therein to be true for the purposes of the motion. The court cannot in disposing of such a motion permit itself to be swayed by its opinion as to the real merits of the suit or the purpose of the plaintiff in instituting the same. There will be a trial of the action, and at that time the question of proof as distinguished from allegations in the pleadings will be properly before the trial court. But on the bill of complaint herein, the trial must take place in the state court, not the federal court.

Submit order on notice.