**Hobart ALEXANDER et al., Appellants,**
v.
**Booker T. WASHINGTON et al.,**
**Appellees.**
**No. 17902.**

United States Court of Appeals
Fifth Circuit.
Jan. 19, 1960.

George L. Vaughn, Jr., Vaughn & Morrow, Los Angeles, Cal., for appellants.

Fred Simon, Shreveport, La., George H. Robinson, Homer, La., Dixon Carroll, Shreveport, La., C. T. Munholland, Monroe, La., Harry V. Booth, Shreveport, La., Norton Standeven, Oklahoma City, Okl., Charles E. Barham, Ruston, La., Robert K. Mayo, Shreveport, La., for appellees.

Before RIVES, Chief Judge, and HUTCHESON and CAMERON, Circuit Judges.

RIVES, Chief Judge.

This appeal is from a judgment dismissing a complaint for lack of jurisdiction and for failure to comply with an order of the Court requiring the plaintiffs to file a bond in the sum of $1,000 as security for costs.

The four appellants, as plaintiffs below, alleged that they were nonresidents of the State of Louisiana, and were the owners of an undivided four-tenths (4/10)

interest in approximately 960 acres of land in twenty tracts in Claiborne Parish, Louisiana. They sued their co-owners and certain oil companies and others for a declaration that certain oil pooling and unitizing agreements were null and void, for an accounting for oil and gas taken from the land, for an injunction, damages, and other relief. The eight co-owners, made defendants, were alleged to be citizens of the State of Louisiana, as were the other defendants. Federal jurisdiction was based on diversity of citizenship. 28 U.S.C.A. § 1332.

Some of the defendants other than the co-owners filed motions to realign the parties and to dismiss for lack of jurisdiction, claiming that the interests of the co-owners are identical with the interests of the plaintiffs. The plaintiffs then filed a second amended complaint in which they alleged that their co-owners, made defendants, had conspired with certain of the other defendants to defraud the plaintiffs of their property. One of these co-owners was Roosevelt Washington who had acted as plaintiffs' agent and attorney in fact in executing the several leases. The complaint alleged that Roosevelt Washington had been declared non compos mentis, and that his incompetency existed throughout all of the transactions. Some of the defendants other than the co-owners then filed a motion to realign Roosevelt Washington as a party plaintiff and to dismiss for want of jurisdiction, claiming that no conspiracy could possibly exist as to Roosevelt Washington for the reason that he was alleged to be non compos mentis throughout the events and period involved. The district court sustained the defendants' motions to realign Roosevelt Washington as a party plaintiff and thereafter to dismiss for want of jurisdiction.

Article 31 of the LSA–Civil Code provides as follows:

"Art. 31. *Insane persons*

"Persons of insane mind are those who do not enjoy the exercise and use of reason, after they have arrived at the age at which they ought, according to nature, to possess it, whether the defect results from nature or accident. This defect disqualifies those who are subject to it, from contracting any species of engagement, or from managing their own estates, which are for this reason placed under the direction of curators."

Yancey v. Maestri, La.App., 1934, 155 So. 509, held that under the civil law of Louisiana an insane person or his estate cannot be held liable in damages for his tortious acts.

Thus under Louisiana law, and the averments of the complaint, it must be accepted that Roosevelt Washington was not liable to the plaintiffs either on contract or in tort. It is true that the consequences of his wrongful acts need not go unredressed, but can be declared to be void and of no effect. The appellants suggest that in such event his interest may lie more with his codefendants than with the plaintiffs. To quote from their brief:

"* * *. The interest of Roosevelt Washington may not be the same (as the plaintiffs); and at this stage of the proceedings, it does not appear the same because as a party of the conspiracy, under the facts and circumstances alleged in the complaint, Roosevelt Washington may have received some consideration from the co-defendants which the court may find he ought to return. Such a finding would not be based on a theory of damages for tortus (sic) conduct but on a trust or unjust enrichment theory."

Again,

"* * * Roosevelt Washington may be holding money which in equity he ought to pay over to appellants, not from his estate, but which he received as a part of the conspiracy."

Again,

"* * *. The fact that an interdicted person is not responsible for money damages does not relieve him

of responsibility to have a court of equity void the consequences of his wrongful acts by declaring documents executed by an insane person void, and in an action to have the documents declared void, the interdicted respondent does not necessarily have the same interest as the appellants."

The difficulty is that all of the considerations which might align Roosevelt Washington in interest with the defendants appear as mere possibilities, and the actual facts, so far as they are shown, are simply that he owns a one-tenth undivided interest in the properties and to that extent his interests are identical with those of the plaintiffs.

Jurisdiction of the federal courts is limited and must be made affirmatively to appear. It is often difficult to determine on which side of a controversy the interests of a party really lie, but that determination must be made from the actualities of the litigation. As was said by the Supreme Court in City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 69, 70, 62 S.Ct. 15, 17, 86 L.Ed. 47:

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.' [City of] Dawson v. Columbia [Ave. Saving Fund, Safe Deposit, Title &] Trust Co., 197 U.S. 178, 180 [25 S.Ct. 420, 421, 49 L.Ed. 713]. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision if interests,' Dawson v. Columbia [Ave. Saving Fund, Safe Deposit, Title &] Trust Co., supra, 197 U.S. at page 181 [25 S.Ct. at page 421] exists, is therefore not

to be determined by mechanical rules. It must be ascertained from the 'principal purpose of the suit,' East Tennessee, V. & G. R. Co. v. Grayson, 119 U.S. 240, 244 [7 S.Ct. 190, 192, 30 L.Ed. 382] and the 'primary and controlling matter in dispute' Merchants' Cotton-Press [& Storage] Co. v. Insurance Co., 151 U.S. 368, 385 [14 S.Ct. 367, 373, 38 L.Ed. 195]. These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court."

See also, 3 Moore's Federal Practice, 2nd ed., Paragraph 19.03.

No one could contend but that Roosevelt Washington is an indispensable party.[1] As said by Professor Moore:

"* * * when tenants in common seek to cancel or rescind a lease, all of them must be before the court because the contract involved is an entire and indivisible one; the right of any one tenant is not distinct and the relief sought is interwoven with the rights of the other tenants." 3 Moore's Federal Practice, 2nd ed., Paragraph 19.09.

See also, Keegan v. Humble Oil & Refining Co., 5 Cir., 1946, 155 F.2d 971; Hudson v. Newell, 5 Cir., 1949, 172 F.2d 848.

Upon the present records we agree with the district court that the real and dominant interest of Roosevelt Washington lies with the plaintiffs, and that he was properly so realigned. When that was done, there no longer existed the requisite diversity of citizenship to sustain federal jurisdiction. The action having been properly dismissed for lack of jurisdiction, it is not necessary, indeed it may not be appropriate, for us to review the failure to file the required security for costs as an alternative ground for dismissal. The judgment is
    Affirmed.

[1]. To be represented and protected, of course, as prescribed by Rule 17(c), Federal Rules of Civil Procedure, 28 U.S.C.A.