(115 So. 576)

No. 28474.

### AUCOIN v. ENGERON.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Partition** ☞17(2)—Owner of part interest, sued by cotenant for partition, held entitled to prove defect in plaintiff's title by deed and power of attorney showing plaintiff purchased interest at less than price authorized (Civ. Code, art. 1320).

In suit by one claiming ownership of undivided eight-ninths interest against owner of remaining interest for partition, deed and power of attorney introduced by defendant to show that plaintiff's title to part interest was defective because of purchase of interest at price less than that which former owners had authorized, *held* admissible under Civ. Code art. 1320, since joint owner has right to demand that adjudication in partition shall pass valid title upon sale.

2. **Partition** ☞55(2)—Plaintiff's ownership must be alleged and proved in partition suit, and defendant may inquire into proceedings whereby plaintiff acquired title (Civ. Code, art. 1320).

Plaintiff's ownership is basis of suit for partition and must be alleged and proved, and defendant may inquire into validity of proceedings whereby plaintiff acquired title, under Civ. Code, art. 1320.

3. **Partition** ☞17(2)—Defendant in partition suit has interest in validity of title to be conveyed by sale.

Defendant in partition suit has interest, not only in price to be obtained by public sale, but also in the validity of the title to be conveyed.

4. **Attorney and client** ☞104—Plaintiff, acquiring title from attorney without warranty on day following conveyance to attorney, held chargeable with knowledge of defect in attorney's title.

Where plaintiff's attorney, to whom conveyance was made, conveyed to plaintiff on following day, without warranty, same interests for same recited consideration, plaintiff was charged with knowledge of defect in title acquired by his attorney, on account of payment of less than price named in power of attorney under which conveyance was made.

5. **Partition** ☞16—Effect of defective title to prevent partition sale held not avoided by plaintiff's claims against former owners not parties.

In suit for partition, in which defendant showed defect in plaintiff's chain of title, defect was not avoided so as to permit sale by showing that variance between stipulations in power of attorney and recitals in act of sale to plaintiff's attorney was mere clerical error or that attorney's vendors were estopped by having cashed checks, since court could not pass on soundness of claims in absence of parties against whom they were urged; proper remedy being to sue to reform deed.

**6. Reformation of Instruments ⬅═▷1—Proper remedy to correct title defect resulting from apparent discrepancy between consideration required by power of attorney and that recited in deed was by action to reform deed.**

Remedy of one claiming ownership to undivided interest in property to correct discrepancy appearing between stipulations as to price in power of attorney and act of sale on which he relied was by suit to reform deed in which claim of clerical error and of estoppel could be asserted, provided all parties in interest were joined.

**7. Partition ⬅═▷17(2)—Joint owner has right to demand that adjudication in partition should pass valid title.**

One owning undivided interest in property sought to be partitioned is authorized to demand adjudication shall pass valid title to the adjudicatee, as against cotenant seeking a public sale of the property to which his title is uncertain.

**8. Partition ⬅═▷63(1)—Doubt as to whether adjudication will pass valid title should be resolved in favor of cotenant resisting partition.**

Where it is doubtful in partition suit whether adjudication will pass valid title to adjudicatee, doubt should be resolved in favor of cotenant resisting partition.

**9. Partition ⬅═▷16—Cotenant, whose title was defective because of variation between consideration called for in power of attorney and that recited in deed, held not entitled to partition.**

Cotenant, seeking partition, *held* not entitled to have property sold as against cotenant made defendant, over latter's objections, where title to part of plaintiff's interest was defective because of discrepancy between amount of consideration required in power of attorney and that recited in deed under which plaintiff claimed.

Appeal from Sixteenth Judicial District Court, Parish of St. Mary; James D. Simon, Judge.

Suit by Joseph S. Aucoin against P. J. Engeron. From a judgment rejecting his demand, plaintiff appeals. Affirmed.

C. A. Blanchard, of Morgan City, for appellant.

Borah, Himel, Bloch & Borah, of Franklin, and Walter T. Gilmore, of Morgan City, for appellee.

ROGERS, J. Plaintiff as the owner of an undivided eight-ninths interest, brought this suit against defendant, as the owner of the remaining undivided one-ninth interest, for the partition by licitation of seven certain pieces of real estate. Defendant, by his answer, put at issue plaintiff's allegation of ownership. The court below rejected plaintiff's demand, and he has appealed from the judgment.

On the trial of the case, plaintiff offered in evidence two acts of sale from his attorney to himself—one purporting to convey an undivided two-ninths interest, and the other purporting to convey an undivided six-ninths interest, in the property sought to be partitioned. In the first of these deeds, concerning which no contention is made, the vendor transferred all the rights in the property which he had previously acquired from Mrs. Olympe Bourg Acosta and Mrs. Zete Bourg. In the second of these deeds, which is questioned by defendant, the vendor transferred all the rights which he had previously acquired from John, Alfred, Philip J., Paul, and Amy Bourg and Mrs. Therese Bourg Morvant, with warranty of title only to the extent of such rights.

Defendant offered in evidence, over plaintiff's objection, the act of sale from John Bourg et al. to plaintiff's attorney, together with the power of attorney thereto attached as part by virtue of which Alfred Bourg appeared in said instrument and conveyed to the vendee the undivided interests in the property of his brothers and sisters Philip J., Paul, and Amy Bourg and Mrs. Therese Bourg Morvant.

According to the stipulations in the power of attorney, Alfred Bourg, the agent named therein, was authorized to sell the undivided

four-ninths interest of his principals for $6,000 cash. Instead of doing this, however, he sold their interest and his individual interest in a deed in which John Bourg also sold his interest, or, altogether, an undivided six-ninths interest, for $4,002 cash. He therefore apparently sold property of his principals for $2,668, which he was not authorized to sell for less than $6,000.

Subsequently, Philip J., Paul, and Amy Bourg and Mrs. Therese Bourg Morvant retained an attorney to rescind the sale or to recover the balance due them on the purchase price. This contract, which was in writing, was duly recorded in the parish records. The attorney therein named, by letters addressed to them, respectively, notified Alfred Bourg, Joseph Aucoin, plaintiff, and his attorney of his employment and demanded, on behalf of his clients, the balance of the purchase price due them, with the declaration that, unless it was forthcoming, suit would be instituted for its recovery or for a rescission of the sale.

[1, 2] Appellant complains of the introduction in evidence, over his objection, of the deed and power of attorney thereto attached by which his vendor acquired the interests of the Bourgs in question. We find no error in the ruling admitting the evidence. The ground of plaintiff's objection was that, in a partition suit, the law forbids any inquiry into the title of the property. That is the same as saying that the right of every coowner to demand a partition of the property owned in common is absolute, may be exercised at any time, and is not subject to any defense. But, in a suit for a partition, ownership is the basis of the action. It must be alleged and proved, and the defendant may inquire into the validity of the proceedings whereby plaintiff acquired the title upon which he sues. Civ. Code, art. 1320; Bauman v. Pennywell, 160 La. 555, 107 So. 425; Thibodeaux v. Thibodeaux, 112 La. 906, 36

So. 800; Metropolitan Bank v. Times-Democrat Publishing Co., 121 La. 549, 46 So. 622; Wells v. Files, 136 La. 142, 66 So. 749.

[3] The defendant in a partition suit has an interest, not only in the price to be obtained by a public sale of the property, but also in the validity of the title to be conveyed. Knapp v. Dupont, 149 La. 491, 89 So. 631; Hewes v. Baxter, 45 La. Ann. 1049, 13 So. 817.

In Thibodeaux v. Thibodeaux, referred to supra, this court held, citing authority therefor, that, in the action for partition, the necessity for plaintiff's allegation and proof of ownership is of itself a concession of the defendant's right of denial and counter proof; that, where the plaintiff alleges his ownership, as he is bound to do, and asks the court to recognize it and order the property partitioned between him and those he sues, "he challenges the latter for all the purposes of the case, and they have no choice in the matter, but must come into court and then and there meet the issues tendered, including the issue of ownership vel non in the plaintiff, which they find upon the threshold."

[4] In the case at bar, it is apparent that plaintiff's attorney was merely interposed for plaintiff in the purchase of the interests of the Bourgs. The act of sale from the Bourgs to plaintiff's attorney was executed on March 24, 1926. On the next day, he conveyed to plaintiff, without warranty, the interests so acquired, and the recited consideration in each act of sale is the same. Plaintiff therefore must be charged with knowledge of the defect in his title.

[5, 6] Plaintiff contends, however, that the variance between the stipulations in the power of attorney and the recitals of the act of sale was a mere clerical error, and that the price of $6,000 referred to in the former instrument was intended by the parties thereto to represent the consideration which was to be obtained for the entire undivided eight-ninths interest of the several vendors. He

also urges that the mandators are estopped to attack the act of sale made by virtue of the mandate, because they subsequently received from their mandatary checks, which they have collected, bearing the inscription, "Payment in full for payee's share of Bourg Lands."

Plaintiff's contentions may be well founded, but, in the absence of the parties against whom they are urged, we are not in a position to pass upon their soundness. His remedy, as we presently see it, is to bring an action against all parties in interest to reform the deed, in which the facts herein set up may be shown and their legal effect properly and finally determined.

[7, 8] In so far as this suit is concerned, the defendant has brought to the attention of the court a condition of things which we think entitles him to protection. As a joint owner, he has direct substantive rights in the property sought to be partitioned. Under his continuing obligation as a covendor, he is authorized to reasonably demand that the adjudication when made shall pass a valid title to the adjudicatee. Where the question is doubtful, it should be resolved in his favor. A plaintiff in a suit for partition has no right to jeopardize the interest of a defendant by insisting upon the public sale of property to which his own title is uncertain. Cf. Hewes v. Baxter, supra.

[9] It is too clear to admit of argument that a partition sale herein would not convey a valid title to the purchaser, if, upon proceedings instituted by the mandators, it should be ultimately decided that plaintiff is not the owner of the undivided four-ninths interest which, through his attorney, he claims to have purchased from them. If the property should be offered at public sale now, the doubtful condition of the title resulting from the variance between the mandate and the act of sale executed in pursuance thereof, coupled with the demands of the mandators and the interest acquired from them by their attorney, which have been placed upon the public records, would unquestionably adversely affect the bidding, to the defendant's prejudice.

Our conclusion is that plaintiff should clear up the uncertainty in which his own title is involved before invoking the aid of the court to force a public sale of the property on the plea that it is necessary to effect a partition.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.