**THOMAS v. THOMAS et al.**

**No. 11975.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 31, 1947.

Rehearing Denied Jan. 28, 1948.

J. H. Jackson and Chas. L. Mayer, both of Shreveport, La., for appellant.

Allan Sholars and Geo. Gunby, both of Monroe, La., and James E. Smitherman, of Shreveport, La., for appellees.

Before HOLMES, McCORD and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The plaintiff, alleging herself to be a citizen of Mississippi, who was separated from bed and board from her husband by a judgment of the Louisiana State Court on October 25, 1940, brought suit against her husband and others for the recovery of title to an undivided interest in, and for the partition, by licitation, of, real estate and mineral interests. In compliance with the Louisiana statute plaintiff made all persons known to her as having any interest, mineral or otherwise, in the land parties defendant, including one H. D. Lawrence, a citizen of Louisiana, who was the grantee of mineral rights in a conveyance from the plaintiff. She alleged that the decree of separation, rendered on October 25, 1940, adjudged that she and her husband were the owners in equal shares of all the property comprising the community of acquets and gains, including the lands described in her complaint. She further alleged that she had not, since the rendition of the judgment of separation, executed any act of sale or other act conveying her interest in any of such property to her husband, Arthur E. Thomas, or to any other person, although a deed had been placed on record in Richland Parish, Louisiana, purporting to convey to her husband all her right, title, and interest in and to the lands in question, as well as to a one-tenth undivided interest in certain real property that she had inherited from her parents and which was her separate property. She averred that the deed from her to her husband was a nullity because, (a) it was in violation of Article 1790 of the Revised Civil Code of the State of Louisiana; and because (b) the deed purported to be one indivisible act of sale, for an entire consideration, by a wife to her husband, of an undivided interest of immovable property which was in part the separate property of the wife and in part

the undivided interest which the wife owned as a member of the community and as recognized by the judgment of separation. She denied that she had been present in the State of Louisiana between the 1st of July, 1940, and the 22nd of December, 1940, although the deed purports to have been executed before a notary in Richland Parish, Louisiana, on October 25, 1940. She alleged that on the date such deed purports to have been executed the actual value of her interests in the lands therein was then, and is now, greatly in excess of the amount declared to be the consideration for the deed. She alleged that she had no knowledge of, nor participation in, any of the conveyances of mineral interests from her husband to those defendants who hold such conveyances.

The allegations in the sixth paragraph of the complaint wherein plaintiff denied that she has since the judgment of separation "executed any act of sale or other act conveying her interest in the property * * * to her husband,. Arthur E. Thomas, or to any other person," and the allegation that she was not in the State of Louisiana, at that time, seem to be allegations of fact. Paragraph 8 of the complaint asserted that the deed in question was void in law for reasons assigned. In other words, the complaint asserted, as a fact, that she never executed the deed, and, as a legal conclusion, that the deed is a nullity.

Certain of the defendants moved to dismiss the complaint for lack of the necessary diversity of citizenship on account of the fact that the defendant, H. D. Lawrence, was a grantee or lessee of oil, gas, or mineral leases from the plaintiff, by reason of which the claims of title of the plaintiff and of Lawrence were identical. Wherefore, the moving defendants urged that in a suit to establish title to, or interests in, the lands, the plaintiff and Lawrence must stand on common ground, and that Lawrence should, therefore, be realigned and cast in the role of a plaintiff. The result of this would be that Lawrence, a citizen of Louisiana, would then be a plaintiff in a suit against defendant Thomas, also a citizen of Louisiana, so that all plaintiffs and defendants would not be citizens of different states, and the requisite diversity of citizenship would be absent.

In opposition to this contention the plaintiff asserts that the suit here is one for partition wherein the interests of all parties are separate, regardless of the source or sources of their claims of title.

Without waiting for the issues to be joined, the Court below sustained the motion, ordered Lawrence to be realigned as a plaintiff, and then dismissed the case.

■ Since under the law of Louisiana "in any suit for partition by licitation all parties having an interest in either the land or mineral interest shall be made parties thereto", Art. 741 of the Louisiana Civil Code, as amended by the Act of 1940, No. 336, the defendant Lawrence is an indispensable party to the suit. Thus even though the interests of all parties are separate and distinct [1] in an ordinary partition suit wherein there would be no occasion for realignment of the parties, such a situation would not appertain here because the suit in question is more than an ordinary proceeding for the sale of the interests of the parties and a division of the proceeds. This is a suit involving the title to realty in which there stands at the threshold the task of determining whether the plaintiff and her grantee, Lawrence, have any right, title, or interest in the lands in the face of the recorded deed from plaintiff to her husband. Manifestly, plaintiff can have no partition of lands which she has conveyed away or does not now own. Before she can have partition in this case she must have title and must, therefore, succeed in having the purported deed from her to her husband set aside, for if the purported deed is valid and outstanding, neither she nor Lawrence could have any interest to be partitioned. Antecedent to any right to partition the plaintiff and her grantee, Lawrence, must discharge the burden of setting aside the deed and establishing title in themselves.

■ Litigation is the pursuit of practical results, and whether or not there is a collision of interests between the plaintiff and Lawrence must be ascertained from the

---

[1] Aucoin v. Engeron, 165 La. 319, 115 So. 576; Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800.

principal purpose of the suit[2] or the primary and controlling matter in dispute.[3]

Whether or not the defendant Lawrence should be aligned as a plaintiff or retained in the case as a defendant must be determined by the controlling issues in this case. Indianapolis v. Chase Nat. Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. If, for instance, all of the defendants were to admit in their answers that the purported deed from the wife to the husband was a forgery or a nullity, the only real issue or controversy would be in relation to the partition wherein the interest of all would be adversary and no realignment would be appropriate. But if and when an issue is made on the allegations of invalidity of the deed, or on the title vel non of plaintiff and Lawrence, a realignment of Lawrence as a plaintiff would then be appropriate. Until there is such an issue, either of law or fact, the order of realignment in this case would be premature. No one has taken issue on plaintiff's allegations as to the invalidity of the deed or the lack of title in her.

In view of the fact that the lower Court did not pass on any of the other questions raised in the motions to dismiss, we deem it also unnecessary to enter into a discussion thereof.

Sec. 80, Title 28 U.S.C.A., requires the Court to dismiss the suit at any time that it shall appear to the satisfaction of the Court that the suit does not really and substantially involve a dispute or controversy properly within its jurisdiction. Of course, here the dismissal would occur upon the realignment of Lawrence as a plaintiff, and the only question is when should such realignment take place. We hold that the realignment cannot take place until it has been made to appear that there is no substantial controversy between the plaintiff and the defendant proposed for realignment or that their rights are so identical as to necessitate their being placed on the same side. The record does not present to us facts to show that the lower Court was authorized to place Lawrence on the same side with the plaintiff on the issue of title since an issue as to the title of the plaintiff and of Lawrence had not been made at the time of the realignment.

The motions to dismiss did not afford a sufficient predicate for the making of the order of realignment.

It may seem that we are highly technical in reversing the trial Court for prematurely realigning Lawrence as plaintiff when it might well be presumed that the defendants, who have employed lawyers and are contesting the case, will assuredly join issue as to the claim of title of the plaintiff and as to her allegations of invalidity of the deed from her to her husband, and that our ruling will unnecessarily delay the case while awaiting the formal joinder of such issues. But that is not a web of our weaving for the jurisdiction of the federal court is fixed entirely by statute. Decisions on such questions cannot rest upon considerations of justice, reasonableness, or equity.

The judgment of the Court below is reversed and remanded for further and not inconsistent proceedings.

Reversed and remanded.

---

[2] East Tennessee V. & G. R. Co. v. Grayson, 119 U.S. 240, 7 S.Ct. 190, 30 L.Ed. 382.

[3] Merchants Cotton Press Co. v. Insurance, 151 U.S. 368, 14 S.Ct. 367, 38 L.Ed. 195.