William J. DRYDEN, Appellant,

v.

Margaret B. DRYDEN, Theodore Loving Dryden and David L. Dryden, Appellees.

No. 16143.

United States Court of Appeals Eighth Circuit.

April 14, 1959.

Ralph M. Jones, Kansas City, Mo. (Roy P. Swanson, John C. Thurlo, and Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, Mo., on the brief), for appellant.

Rufus Burrus, Independence, Mo., for appellee Margaret B. Dryden.

Before SANBORN, JOHNSEN, and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

 This is an appeal from final order dismissing Counts I, III, and IV of plaintiff's complaint for want of federal jurisdiction.[1] Jurisdiction is based upon

---

1. Order dismissing Counts I and III was entered on September 23, 1958. Order was entered November 4, 1958, dismissing Count IV and overruling motion for rehearing on dismissal of Counts I and III. Appeal from such orders was taken on November 28, 1958. The orders originally appealed from were not based upon the determination required by Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. and consequently this court was without jurisdiction to consider the appeal. See Gallon v. Lloyd-Thomas Co., 8 Cir., 261 F.2d 26, 28. On February 26, 1959, the trial court entered final order of dismissal

diversity of citizenship. Plaintiff is a citizen [2] of the District of Columbia. All defendants are citizens of Missouri. Each count alleges that the amount in controversy exceeds $3,000.

Plaintiff in the various counts of his complaint asserts claims against real estate alleged to have been acquired by him as heir of his father, L. T. Dryden, and his mother, Mary Dryden. L. T. Dryden was married three times. He first married Carrie Dryden. Defendant Theodore Dryden is the sole issue of said marriage. L. T. Dryden's second marriage was to Mary Dryden, now deceased. The plaintiff and defendant David Dryden were the issue of that marriage. L. T. Dryden at the time of his death was married to defendant Margaret Dryden, who survived him. No children were born as the result of this marriage. L. T. Dryden died intestate on December 9, 1957, leaving as his heirs his three sons, above named, and his widow, Margaret Dryden.

In Count I plaintiff alleges that his mother, Mary Dryden, received a substantial inheritance from her father; that the proceeds of such inheritance, belonging solely to Mary Dryden, were, with her consent, used by L. T. Dryden to purchase certain real estate, referred to in the record as Lots A and B; that none of L. T. Dryden's funds went into the purchase; that title to the real estate was taken in the name of L. T. Dryden; that L. T. Dryden became trustee of said land for the benefit of Mary Dryden and her heirs; that plaintiff and David Dryden are the sole heirs of Mary Dryden and that under the law of Missouri they are entitled to said land. In Count II, which is not directly involved in this appeal, plaintiff asserts that L. T. Dryden invested large sums of money belonging to the plaintiff as heir of his mother in real estate, described in the record as Lot C, taking title thereto in his own name, although he furnished no part of the consideration; that L. T. Dryden became trustee of said land for the plaintiff, and that plaintiff is entitled to be adjudged the sole owner of Lot C. In Count III plaintiff prays for the partition of land known as Lot D. Plaintiff alleges that his father, L. T. Dryden, died seized of said land, and that by virtue of the laws of descent in Missouri title thereto is vested one-half in Margaret Dryden and one-sixth each in plaintiff, David Dryden, and Theodore Dryden. In Count IV plaintiff asked for alternative relief in the event he is not given the relief he asks for in Counts I and II. Plaintiff alleges that if his claims for relief made in Counts I and II are not established he at least inherited a one-sixth interest from his father, L. T. Dryden, in Lots A, B, and C involved in Counts I and II; that title to said property should be established in the same persons and in the same proportions and upon the same basis as urged in Count III; and that partition of said real estate should be ordered.

Defendant Margaret Dryden filed no answer to Counts I, III, and IV of the complaint, but, instead, filed a motion to dismiss for want of jurisdiction. Theodore Dryden in his answer denied plaintiff's allegations supporting Counts I and II and prayed for the dismissal of such

as to Counts I, III, and IV based upon the determination required by Rule 54 (b). Notice of appeal from this order was filed on March 6, 1959, and all parties have stipulated "that this appeal may be submitted as taken from the District Court's order of February 26, 1959, on the record, briefs and oral argument of counsel made, submitted and presented to this Court on March 5, 1959." This court therefore has jurisdiction based upon the appeal taken on March 6, 1959, from the trial court's

final order of dismissal of February 26, 1959.

2. In the complaint plaintiff alleges residence of the parties rather than citizenship. The trial court found that the plaintiff is a citizen of the District of Columbia and defendants are citizens of Missouri. At the time of oral argument before this court all parties agreed that citizenship existed as determined by the trial court, and that the complaint could be considered amended to allege citizenship of the parties rather than residence.

counts. The answer admitted the allegations of Counts III and IV and joined in plaintiff's prayer for partition. David Dryden in his answer did not controvert any of the allegations of Counts I, III, and IV and joined plaintiff in his prayer for relief as to each of said counts. He denied the allegations of Count II not here involved. The trial court realigned David as a plaintiff as to Count I, and realigned David and Theodore as plaintiffs as to Counts III and IV. Such realignments destroyed diversity of citizenship between the parties as to Counts I, III, and IV. The trial court dismissed said counts for want of jurisdiction. This appeal followed.

■■ Upon the face of the pleadings the requisite diversity of citizenship appears between the plaintiff and the defendants. The plaintiff is a citizen of the District of Columbia and all defendants are citizens of Missouri. However, it is well established that the designation of parties as plaintiff or defendant in the pleadings is not controlling in determining jurisdiction. The applicable law is stated by the Supreme Court in City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69–70, 62 S.Ct. 15, 17, 86 L.Ed. 47, as follows:

"* * * To sustain diversity jurisdiction there must exist an 'actual', Helm v. Zarecor, 222 U.S. 32, 36, 32 S.Ct. 10, 11, 56 L.Ed. 77, 'substantial', Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 81, 41 S.Ct. 39, 41, 65 L.Ed. 145, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. Strawbridge v. Curtiss, 3 Cranch. 267, 2 L.Ed. 435. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'. City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision of interest', Dawson v. Columbia Ave. Sav. Fund, Safe Deposit Title & Trust Co., supra, 197 U.S. at page 181, 25 S.Ct. at page 421, 49 L.Ed. 713, exists, is therefore not to be determined by mechanical rules. It must be ascertained from the 'principal purpose of the suit', East Tennessee [V. & G. R.] Co. v. Grayson, 119 U.S. 240, 244, 7 S.Ct. 190, 192, 30 L.Ed. 382, and the 'primary and controlling matter in dispute', Merchants' Cotton Press Co. v. Insurance Co., 151 U.S. 368, 385, 14 S.Ct. 367, 373, 38 L.Ed. 195. These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court."

In Thomson v. Butler, 8 Cir., 136 F.2d 644, 647, this court says:

"* * * For purposes of testing the jurisdiction of a federal court on the basis of diversity of citizenship, it is immaterial how the parties may have been designated in the pleadings, since the court must align them for jurisdictional purposes on the basis of their actual legal interests and the apparent results to them if the object sought to be accomplished by the litigation is successful. * * *"

To the same general effect, see Thomas v. Anderson, 8 Cir., 223 F. 41; 3 Moore's Federal Practice, paragraph 19.03, page 2105; Annotation, 132 A.L.R. 188.

Plaintiff in support of his contention that there should be no realignment of parties relies upon cases such as Franz v. Franz, 8 Cir., 15 F.2d 797, and Belding v. Gaines, C.C.E.D.Ark., 37 F. 817. For example, in the Franz case, the court, after stating that the plaintiff is seeking to establish only his own undivided in-

terest in which he alone is interested, continues (at page 800 of 15 F.2d):

> " * * * In suits respecting undivided interests in property between the several owners and claimants thereof, two or more of the parties frequently seek the same kind of relief against each other respecting their separate interests, and make common cause against one defendant who claims the whole. In such a case, the parties who make common cause against one defendant need not necessarily be aligned as parties plaintiff. * * * "

Our present case is distinguishable from the Franz case, supra, as there the plaintiff sought to establish his own undivided interest, while here plaintiff asserts in Count I that he and David Dryden became the sole owners of the real estate and prays that he and David be adjudged the sole owners of the property. David Dryden in his answer admitted the allegations and joined in the prayer. Moreover, the Franz case was decided before the City of Indianapolis and the Thomson cases here before discussed. In the light of the holdings of those cases we are satisfied that the Franz decision cannot be followed in situations where separate holders of undivided interests make common cause against parties who dispute the validity of the basis upon which their common claims rest and assert adverse interests in the property in litigation.

When the law, as above set out, is applied to the factual situation presented by Count I of the complaint, it is perfectly clear that the interests of plaintiff and defendant David Dryden in said cause of action are identical. Each is seeking to establish that he is a beneficiary of the same constructive trust. The claim of each depends upon the establishment of the trust. On the other hand, the rights of the defendants, Theodore Dryden and Margaret Dryden, are dependent upon defeating the establishment of the trust, since if the alleged trust is established they have no interest in the property involved in Count I.

■ We are convinced that the court did not commit error or abuse its discretion in realigning David Dryden as a plaintiff in Count I. Such alignment placed residents of Missouri on both sides of the Count I controversy. Count I was therefore properly dismissed for want of jurisdiction.

The question of realignment of parties as to Count III raises a more difficult problem. From all that appears in the record, plaintiff and defendants each acquired an interest in the land in Count III by inheritance from L. T. Dryden. Confirmation of the respective interests of the parties in the property involved and partition thereof are sought. The pleadings disclose no dispute between the parties as to the individual interest owned by each party as alleged by the plaintiff. We find no indication that any tenant in common has any adverse or hostile claim against any other tenant in common. Thus far no one has opposed partition. Defendants, Theodore Dryden and David Dryden, have joined in plaintiff's prayer for partition as to Counts III and IV. Margaret Dryden has had no occasion to answer such counts. Thus, we have a situation where no real dispute between the litigants is revealed.

■ The right of a tenant in common to partition has long been recognized. In 68 C.J.S. Partition § 20, it is said:

> "The object of partition proceedings is to enable those who own the property as coparceners, joint tenants, or tenants in common, so to put an end to the tenancy as to vest in each of them title to, and the use in severalty of, some definite part of the property owned in common so that each may take and enjoy and improve his separate estate without let or hindrance from the other, and the object of a bill for the sale of realty for the purpose of partition is to make a sale for the benefit of the owners of the property. The partition suit is primarily a pro-

ceeding to sever interests in property, and the determination of interests and quieting of title are only ancillary thereto. * * *"

The right of a tenant in common to partition is generally absolute and is an incident of common ownership. Shell Oil Co. v. Seeligson, 10 Cir., 231 F.2d 14, 17; 68 C.J.S. Partition § 21. Partition is an adversary proceeding and any party may institute a proceeding as plaintiff. Parties in interest who do not join may be made defendants. 68 C.J.S. Partition § 74. In Franz v. Franz, supra, this court quotes from Belding v. Gaines, supra, as follows (at pages 800–801 of 15 F.2d):

"* * * Partition implies a setting apart to each owner his hitherto undivided interest, and each owner has a separate interest in establishing the fact and extent of his title, and in securing his separate share of the estate. * * *"

In Lewis v. Schrader, D.C.N.D.Tex., 287 F. 893, 896, it is said:

"One or more plaintiffs in a partition suit may sue their cotenants in a federal court, and in such case the joinder of the plaintiffs is neither arbitrary nor fictitious, but is the usual and ordinary arrangement permitted in partition suits, both under the state statute and under the rules of practice in courts of equity, and that which the law permits is neither fraudulent nor fictitious in a legal sense. * * *"

Thomas v. Thomas, 5 Cir., 165 F.2d 332, supports the proposition that when all that is sought is partition and there is no title controversy no alignment should be made. The court states (p. 334):

"Whether or not the defendant Lawrence should be aligned as a plaintiff or retained in the case as a defendant must be determined by the controlling issues in this case. Indianapolis v. Chase Nat. Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. If, for instance, all of the defendants were to admit in their answers that the purported deed from the wife to the husband was a forgery or a nullity, the only real issue or controversy would be in relation to the partition wherein the interest of all would be adversary and no realignment would be appropriate. But if and when an issue is made on the allegations of invalidity of the deed, or on the title vel non of plaintiff and Lawrence, a realignment of Lawrence as a plaintiff would then be appropriate. Until there is such an issue, either of law or fact, the order of realignment in this case would be premature. No one has taken issue on plaintiff's allegations as to the invalidity of the deed or the lack of title in her."

▆▆▆▆ Frequently in partition cases the undivided interests of the parties are not in dispute. In such cases the object of the suit is to end the tenancy in common, and either divide the land in kind or order a sale and divide the proceeds in accordance with the owners' interests in the property. Our present case appears to be a case of this type. No controversy is now apparent as to the respective interests of the tenants in common or as to plaintiff's right of partition. So far as here appears all parties have a common interest in having their rights established in the proportions asserted by plaintiff and in having partition made. Any owner of land held in common is entitled to partition. Partition may properly be accomplished by a suit instituted by one tenant in common against the remaining tenants in common. Someone must be plaintiff and someone must be defendant. In the absence of any disputed issue between the parties to the litigation, we can see no basis for realignment of the parties to a partition suit upon the basis of interest in the litigation. The court erred in realigning the parties as to Count III and in dismissing said count for want of jurisdiction.

The legal principles discussed in our consideration of Count III govern IV. As we have heretofore stated, partition is asked in Count IV for Lots A and B

involved in Count I and Lot C involved in Count II only in the event the relief prayed for in said counts is denied. Since the court's jurisdiction of Count II has not been challenged, we see no obstacle to the court's jurisdiction to partition Lot C if plaintiff is not granted the relief he seeks in Count II.

 The prayer for partition in Count IV as to Lots A and B involved in Count I is conditional upon an adjudication on the merits adverse to the plaintiff on Count I. We have held that Count I was properly dismissed for want of jurisdiction. Thus, an action for partition as to Lots A and B is at least premature. The federal court does not have jurisdiction to decide whether the condition upon which relief as to Lots A and B has been asked in Count IV has been met. Unless the condition precedent to the prayer for alternate relief by way of partition is disposed of by final adjudication on the merits adverse to the plaintiff by a court having jurisdiction, or unless the condition is withdrawn by the plaintiff, the court is without jurisdiction to consider the prayer for alternate relief by way of partition as to Lots A and B. Upon the present state of the record the court was justified in dismissing for want of jurisdiction plaintiff's prayer for alternate relief by way of partition of Lots A and B involved in Count I.

 It may be admitted that much could be said in favor of disposing of all the controversies between the parties in the same proceeding. However, the jurisdiction of federal courts is limited, and a federal court cannot assume the power to entertain a cause of action not within its jurisdiction merely because that cause of action has been joined by the plaintiff with one which is within the court's jurisdiction. Geneva Furniture Co. v. S. Karpen & Bros., 238 U.S. 254, 259, 35 S.Ct. 788, 59 L.Ed. 1295; 54 Am.Jur. United States Courts § 41. Plaintiff if he so desires could doubtless obtain adjudication of all the claims in a suitable proceeding in the state court.

Judgment affirmed as to Count I. Reversed and remanded as to Counts III and IV for further proceedings consistent with the views expressed in this opinion.

JOHNSEN, Circuit Judge, concurs as to the affirmance made on Count I, but dissents as to the reversals made on Counts III and IV.