**Alan ANDERSEN, Individually and as Injured Parent of Chelsea Andersen and Brody Andersen; Diane Andersen, Wife of Alan Andersen; and Syngenta Seeds, Inc., as Subrogor, Plaintiffs,**

v.

**Sohit KHANNA, M.D.; and Iowa Heart Center, P.C., Defendant.**

No. 4:11–cv–00291–JEG.

United States District Court, S.D. Iowa, Central Division.

Sept. 6, 2011.

ing *Trinity Prods., Inc. v. Burgess Steel, L.L.C.,* 486 F.3d 325, 335 (8th Cir.2007)).

Richard N. Bien, Lathrop & Gage LC, Kansas City, MO, Gerald M. Kraai, Lathrop & Gage LC, Overland Park, KS, for Syngenta Seeds, Inc.

John Martin French, Law Offices of John M. French, Council Bluffs, IA, Joseph B. Muller, Ronald J. Palagi, The Law Offices of Ronald J. Palagi, P.C., L.L.O., Omaha, NE, for Alan Andersen, Brody Andersen, Chelsea Andersen and Diane Andersen.

John D. Hilmes, Eric G. Hoch, Finley Alt Smith Scharnberg Craig Hilmes & Gaffney PC, Des Moines, IA, for Catholic Health Initiatives–Iowa, Corp.

Robert D. Houghton, Jennifer E. Rinden, Shuttleworth & Ingersoll, Cedar Rapids, IA, for Iowa Heart Center, P.C. and Sohit Khanna.

## ORDER

JAMES E. GRITZNER, District Judge.

This matter comes before the Court on Motion to Remand to State Court filed by Defendants Sohit Khanna, M.D., and the Iowa Heart Center, P.C. (Defendants), with a request for expedited hearing. Defendants allege Syngenta Seeds, Inc. (Syngenta), improperly removed this case and therefore also move for sanctions under Federal Rule of Civil Procedure 11(b). Syngenta resists both motions. These matters came on for hearing on August 30, 2011. Attorneys Jennifer Rinden and Robert Houghton appeared for Defendants; Richard Bien appeared for Syngenta. The motions are fully submitted and ready for ruling. The Motion for Sanctions will be addressed by separate Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Alan Andersen (Andersen) and his family filed a medical malpractice action against Defendants in Iowa District Court for Polk County alleging three claims: negligence, spousal consortium, and parental consortium. Syngenta's Resp. Br., Ex. A; ECF No. 9–1. Syngenta was the Plan administrator for Syngenta Preferred Provider Organization Health Care Plan (the Syngenta Plan), a self-funded employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, which

had paid a portion of the medical bills and expenses incurred allegedly due to Defendants' negligence. In 2008, as a result of a subrogation issue that arose during the litigation, Syngenta was joined in the lawsuit as a party Plaintiff, and an amended petition was filed adding a subrogation claim (Count IV). Count IV was the only claim that involved Syngenta.

In February of 2009, the state court dismissed Count IV on a partial motion for summary judgment. Syngenta filed an interlocutory appeal, which the Supreme Court of Iowa denied on March 17, 2009. Then, shortly before the case was to go to trial, Andersen filed a motion requesting clarification of the reimbursement provisions of the Syngenta Plan, which covered Andersen's medical bills subsequent to his injury. Andersen sought clarification to determine the enforceability of the Syngenta Plan's reimbursement provisions and whether the jury would consider this in determining damages. When the motion for clarification was filed, after having been absent in the litigation since the denial of its interlocutory appeal, Syngenta reappeared and filed a memorandum addressing the impact of the motion to clarify upon Syngenta's interests. On June 20, 2011, apparently after the newly assigned state judge declined to revisit the ruling on partial summary judgment, Syngenta filed a notice of removal, alleging this Court had original jurisdiction over the underlying case pursuant to 28 U.S.C. § 1331, because the underlying claims in this case are preempted under ERISA. Thus, apart from the ruling on the partial motion for summary judgment as to Count IV, it is unresolved how the state court would charge that jury.

Defendants filed a motion to remand, asserting that Syngenta had been dismissed from the underlying state court action and therefore could not remove the case. Defendants further argue that in addition to being a non-party, removal was improper because (1) the case was removed well beyond the 30–day time period for removing under 28 U.S.C. § 1446(b); and (2) under the well-pleaded complaint rule, the state law claims do not support federal question jurisdiction and Syngenta has failed to establish that any claims are preempted by ERISA. Syngenta asserts that despite the dismissal of the only count in which it was named in the amended complaint, it remained a party to the action because it was never officially dismissed as a party and it continued to be served all pleadings involved in the action as a party of record.

## II. DISCUSSION

 In contested remand matters, the burden of establishing that removal was proper rests with the proponent of removal. *See, e.g., In re Bus. Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993) (per curiam); *Comes v. Microsoft Corp.,* 403 F.Supp.2d 897, 902 (S.D.Iowa 2005). Since removal jurisdiction raises significant federalism concerns, federal courts strictly construe such jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Of substantial importance here, where a federal court has doubts about the propriety of a removal, the court should resolve that doubt in favor of remand to the state court jurisdiction. *See Shamrock Oil,* 313 U.S. at 108–09, 61 S.Ct. 868; *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007).

The matter now at bar presents a creative, if not elastic, approach to a series of procedural questions. This has required the parties and the Court to reach well beyond the dictates of this circuit for per-

suasive authority in an effort to determine if Syngenta has carried its burden to demonstrate this Court's jurisdiction.

### A. Syngenta's Status as a Party at the Time of Removal

■ The "general rule" is that "once a person has been dismissed from an action he is no longer a party...." *Wong v. Tai Jing*, 189 Cal.App.4th 1354, 117 Cal. Rptr.3d 747, 757 (2010). *See Dumont v. Keota Farmers Coop.*, 447 N.W.2d 402, 404 (Iowa 1989) (concluding that where the claims against one defendant had been dismissed, that defendant was no longer a party and it was not proper to permit the jury to consider the dismissed defendant's liability). A non-party to a state court proceeding has no right to remove that proceeding to federal court. *See FDIC v. Loyd*, 955 F.2d 316, 326 (5th Cir.1992) ("Common sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court."); *Cmty. Insur. Co. v. Rowe*, 85 F.Supp.2d 800, 809 (S.D.Ohio 1999) ("It is axiomatic that a non-party has no right to remove the litigation from state court to federal court."). This is true even if the non-party has an interest or a stake in the proceedings. *See generally Rowe*, 85 F.Supp.2d at 809 (finding that an insurer that had a financial stake in the outcome of the case nonetheless could not remove the case because the insurer was a "stranger" to the proceeding). It follows that when all claims against a litigant are dismissed, that litigant is no longer a party to the lawsuit and is not authorized to remove the action.

■ Syngenta resists this general proposition by saying that although the single claim to which it was a party was dismissed, "Syngenta nonetheless remained a party to the litigation" because "[t]he Court never dismissed Syngenta from the

case...." Syngenta's Resp. Br. 12; ECF No. 9–1. According to Syngenta, it remained a party to the proceeding because its name remained on the caption, it continued to receive service of documents connected to the proceeding, and it maintained a right to appeal from final judgment in the case.

It is not clear from existing authority if the failure of a court to remove a person as a party of record, even though the only claim to which that person was a party had been dismissed, is enough to qualify that person as a "party" to the continuing claims in the suit. However, analogous concepts suggest that it is not.

■ Under Iowa law, "a petition is not limited by its caption, but is required to be read in light of the allegations and legal ramifications contained within the four corners" of the document. *Roush v. Mahaska State Bank*, 605 N.W.2d 6, 9 (Iowa 2000). Moreover, simply because a party's "name is included in the caption," that does not make it "clear from the record that [it] is a party to the case at all." *Capital Food Co. v. Globe Coal Co.*, 142 Iowa 134, 120 N.W. 704, 705 (1909). *See also McCullough v. Connelly*, 137 Iowa 682, 114 N.W. 301, 302–02 (1907) (stating that "[i]t is of no significance that the name" of an intervener "was inserted in the caption of a court document" and that the court would have committed a "conscious judicial wrongdoing" if it had allowed the entry of default to include the non-party intervener simply because the intervener's name appeared in the caption). Therefore, Syngenta's name never having been removed as a party of record in the state court action is an insufficient legal basis upon which to declare Syngenta as a party in fact.

Syngenta further argues that it is a party because it has the right to appeal from a judgment in the case. This argu-

ment also fails. It is axiomatic that a party that has been dismissed from an action, like Syngenta, "may still have collateral statutory rights" such as the right to "notice and [a] hearing on a motion to set aside the dismissal" at a later time. *Wong,* 117 Cal.Rptr.3d at 757 (citations omitted). Syngenta's right to appeal its dismissal once final judgment has been entered in the case does not sustain Syngenta as a party to the action. Instead, Syngenta's only interest in this lawsuit is a potential appeal after final disposition, not as a litigant in the ongoing lawsuit.

Syngenta next argues it was a party to the lawsuit because it continued to receive pleadings and to litigate its position. Syngenta points to no authority, nor has the Court found any, that supports the contention that simply receiving service of court filings classifies that person as a party to the lawsuit. The assertion that Syngenta continued to "litigate" its position overstates the record. Syngenta was inactive in the lawsuit for approximately two years until June 17, 2011, when it reappeared to oppose Andersen's motion to clarify. Then, without addressing its status or role in the state court action, Syngenta filed the notice of removal. Syngenta's self-serving conduct did not transform Syngenta into a party.

Syngenta's final argument is that because Andersen's motion to clarify is adverse to Syngenta, it reinstates Syngenta as a party to the proceedings. In briefing the motion to remand, Syngenta concedes that in his motion to clarify, Andersen sought clarification of a prior state court ruling and did not file it as an adversarial motion against Syngenta.

### B. Plaintiff or Defendant

Under the plain language of the jurisdictional statutes, only a defendant has the authority to remove a case to federal court where the original action was filed in state court. *See* 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants....*" (emphasis added)); 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States ... a notice of removal....."). The United States Supreme Court has taken a literal reading of this language and has concluded that only defendants may remove a state case to federal court. *See Shamrock Oil,* 313 U.S. at 108, 61 S.Ct. 868 (stating that Congress "restrict[ed] the jurisdiction of the federal courts on removal" to defendants only).

Furthermore, not every type of defendant may remove. For example, the predominant rule is that third-party defendants may not remove under section 1441. *See Lewis v. Windsor Door Co., a Div. of Ceco Corp.,* 926 F.2d 729, 733 (8th Cir.1991) ("We do not, however, believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such basis is too much akin to the tail wagging the dog."); *see also Palisades Collections LLC v. Shorts,* 552 F.3d 327, 332 (4th Cir.2008); *Cook v. Wikler,* 320 F.3d 431, 436 (3d Cir.2003); *First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 462–63 (6th Cir.2002); *Thomas v. Shelton,* 740 F.2d 478, 486–87 (7th Cir.1984). Likewise, counterclaim and cross-claim defendants are not proper parties to remove. *See Palisades,* 552 F.3d at 332 (citing *First Nat'l Bank of Pulaski,* 301 F.3d at 462–63). The proper interpretation of the removal statutes is one which employs a strict construction. *See Shamrock Oil,* 313 U.S. at 108, 61 S.Ct. 868.

■ The jurisdictional question on removal on this point is straightforward. Syngenta was designated as a plaintiff alongside Andersen. Under the strict construction rules of the removal statute, Syngenta is not authorized to remove the case to federal court because Syngenta was a plaintiff, not a defendant to the original claim. *See Palisades,* 552 F.3d at 332.

Notwithstanding that Syngenta is no longer a party to the lawsuit, Syngenta disputes being characterized as a plaintiff, contending that Andersen's motion to clarify the reimbursement provisions of the Syngenta Plan which paid Andersen's medical bills constitutes an "adverse" action against Syngenta, and therefore it is in the position of a "typical defendant" as between itself and Andersen. Syngenta's Br. 6, ECF No. 9. Accordingly, Syngenta asserts the Court should ignore its designation as plaintiff and realign Syngenta as a defendant, thus allowing it to remove the action to federal court. Again the parties and the Court must resort to analogous concepts to sort out this creative argument.

■ As a point of departure, Syngenta is correct that a court is not bound by the designations assigned to the parties. *See generally City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 70, 62 S.Ct. 15, 86 L.Ed. 47 (1941); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir.2001) (per curiam). This is because the Court has the ability to align parties based on their true interests with respect to the matter that is in dispute. *See Ryan,* 263 F.3d at 819. In the Eighth Circuit, when determining "[w]hether the necessary collision of interest exists, is . . . not to be determined by mechanical rules. . . . It must be ascertained from *the principal purpose of the suit,* and the *primary and controlling matter* in dispute." *Dryden v. Dryden,* 265 F.2d 870, 873 (8th Cir.1959) (internal

quotation marks and citations omitted) (emphasis added). *See also Rock Island Millwork Co. v. Hedges–Gough Lumber Co.,* 337 F.2d 24, 27 (8th Cir.1964) (citing *Chase Nat'l Bank,* 314 U.S. at 69–70, 62 S.Ct. 15). Meaning, realignment is to be done in light of the overriding and predominant purposes of the lawsuit. Here, the "principal purposes" or "primary and controlling matters in dispute" are the underlying state law claims of liability in the medical malpractice action, not the clarification of the state court's prior ruling regarding the subrogation claim. Additionally, even when Syngenta was a party to the lawsuit, Syngenta was a plaintiff with the same interest as Andersen—the hopeful recovery of negligence damages from the Defendants. Thus, both Syngenta and Andersen were on the same side of the "primary matter in dispute," and no realignment of "primary" interests would be possible since they were already properly aligned. *See Dryden,* 265 F.2d at 873.

A survey of case law on realignment demonstrates that realignment of parties is traditionally reserved for cases brought into federal court on diversity grounds, not federal question grounds as Syngenta is attempting to do in this action. *See generally Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) (regarding realignment in a diversity jurisdiction case); *Dryden,* 265 F.2d at 873 (relating to realignment in a diversity action); *Ryan,* 263 F.3d at 819 (concerning realignment in a diversity jurisdiction context). *See also Green Tree Fin. Corp. v. Arndt,* 72 F.Supp.2d 1278, 1282 (D.Kan.1999) (stating that "[r]ealignment is usually associated with a federal court's attempt to discern whether diversity jurisdiction is proper"). Citing *Hrivnak v. NCO Portfolio Mgmt.,* 723 F.Supp.2d 1020, 1024 (N.D.Ohio 2010), in a footnote, Syngenta argues that despite existing case law, realignment is proper in federal question cases. First, the court

notes that *Hrivnak* is not binding authority on this Court. Further, while the *Hrivnak* court did opine that the principles behind realignment for diversity jurisdiction cases can "appl[y] in equal force," to federal question cases, that court qualified that realignment is done to "arrange parties according to their sides in the dispute . . . ." *Id.* Thus, assuming *arguendo* this Court were to recognize that realignment of parties is available in federal question cases, there would be two barriers to doing so in the present case: (1) Syngenta is not actually involved in the underlying dispute of this case—it was dismissed as a party over two years ago; and (2) even if it was still a party, Syngenta and Andersen would be on the same side of this dispute. The Court concludes that even if realignment of the parties was possible, the motion to clarify was not an adverse motion brought by Andersen against Syngenta, and therefore there is no dispute between Andersen and Syngenta to form the basis for realignment.

## C. Timely Removal

 The petition in this case was filed in state court on September 26, 2005. The notice of removal was not filed until June 20, 2011, calling into question the timeliness of removal.

The federal removal statute, 28 U.S.C. § 1446, provides that a civil defendant must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . within thirty days after the receipt by the defendant" of a copy of the initial state court pleading. A defendant is generally barred from asserting any ground for removal not attempted within that thirty day period.

Congress created one exception for situations where the case was not removable as originally filed, but the defendant has later received the type of document described in § 1446(b) making removability first ascertainable:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained* that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). In such a situation the thirty day time period starts again upon receipt of the document, provided that the case as stated by the initial pleading was not removable. *Id.*

*Dahl,* 478 F.3d at 968 (emphasis added) (quoting 28 U.S.C. § 1446(b)).

It is undisputed that based upon the claims alleged in the original petition the case was not removable at the time it was filed. Thus, assuming *arguendo* Syngenta was both a party to the lawsuit *and* a party authorized to remove under the statute, for removal to have been timely, federal jurisdiction must have been triggered between May 21, 2011, and June 20, 2011. Syngenta argues the motion to clarify filed on June 9, 2009, triggered federal question jurisdiction because it was the first time Andersen, as plan participant, sought *clarification* of his benefits and rights under the Plan, making its June 20, 2011, notice of removal timely filed under section 1446(b). Syngenta Br. 11, ECF No. 9.

Andersen's motion requested clarification of the state court's *prior* ruling granting Defendants' motion for partial summary judgment regarding the application of Iowa Code § 147.136. Syngenta nonetheless argues that it was Andersen, as plan participant, raising the issue of clarification of benefits under the Plan that triggered removability. This argument con-

tradicts the position taken by Syngenta in resistance to the motion for partial summary judgment, wherein Syngenta argued "Iowa Code section 147.136 is preempted [by] federal law regarding self-funded ERISA plans." State Ct. Order of Feb. 19, 2009, Defs.' Mot. to Remand, Ex. 1; ECF No. 5–2. More importantly, Syngenta's assertion that a plan participant must raise the issue of benefits before triggering ERISA's preemptive force contravenes the doctrine of complete preemption. *See Chapman v. Lab One*, 390 F.3d 620, 625 (8th Cir.2004) ("The doctrine of 'complete preemption' establishes more than a defense to a state-law claim. On occasion, the Supreme Court has concluded that 'the pre-emptive force of a statute is so "extraordinary" that it "converts" an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 [107 S.Ct. 2425, 96 L.Ed.2d 318] (1987) (quoting *Metropolitan Life [Ins. Co. v. Taylor]*, 481 U.S. [58,] 65 [107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)]). When an area of state law has been 'completely preempted,' then any claim 'purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.' *Id.* As such, 'complete preemption' of a state-law cause of action provides a basis for removal of an action to federal court."). *See also Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir.2006) ("The artful pleading doctrine, a corollary to the well-pleaded complaint rule, allows a defendant to remove a case to federal court when the plaintiff has attempted to defeat removal by failing to plead a necessary federal question." (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998))).

### D. Federal Question Jurisdiction

 Finally, assuming *arguendo* that Syngenta was a party at the time of removal, that Syngenta was a party authorized to remove under section 1446(b), *and* Syngenta timely filed its notice of removal, Syngenta must establish that ERISA preemption applies.

Federal question jurisdiction is available only where (1) the right to relief under state law depends on the resolution of a substantial, disputed federal question, and (2) the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress.

Removal based on federal question is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of plaintiff's properly pleaded complaint. Federal jurisdiction may be found from a complaint if adjudication of a state claim would turn on a federal constitutional or other important federal question, even where only state law issues have been pled. If even one claim in the complaint involves a substantial federal question, the entire matter may be removed.

*Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 778 (8th Cir.2009) (internal quotation marks and citations omitted).

Syngenta asserts that Andersen's motion for clarification contained "newly raised ERISA-preempted claims." Syngenta's Br. 9, ECF No. 9. Contrary to Syngenta's crafty construction, Andersen's motion for clarification was just that: a request that the state court clarify its previous order. Even construing Andersen's motion for clarification as an invitation for the state to expand its previous ruling on

the applicability of Iowa Code § 147.136 does not transform the motion to clarify into a motion to amend the petition to assert a new cause of action. The Court is neither convinced that the motion to clarify was a claim for purposes of removal nor that the motion somehow restarted the removal clock for this non-party and former plaintiff.

## III. CONCLUSION

As noted at the beginning of this analysis, where a federal court has doubts about the propriety of a removal, the court should resolve that doubt in favor of remand to the state court jurisdiction. *See Shamrock Oil,* 313 U.S. at 108–09, 61 S.Ct. 868; *Dahl,* 478 F.3d at 968. Syngenta's aggressive posture to implicate removal jurisdiction leaves the Court with substantial doubts under the most generous view of the matter. The Court cannot find on this record, individually or in the aggregate, that Syngenta has sustained its burden of demonstrating it was a party, a defendant, was presented with a claim, or that the removal was timely. Accordingly, the Motion to Remand (ECF No. 5) must be **granted.** The above-entitled action is remanded to the Iowa District Court for Polk County.

**IT IS SO ORDERED.**